■ KENNETH G. WOODWARD et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 44797.) — Judgment unanimously modified on the law and facts to the extent of increasing the amount of the award to $63,940 and, as modified, affirmed, with costs to appellants. Memorandum: We find no proof in the record to sustain the finding of the trial court that the fair market value of claimants' landlocked property (6.752 acres) remaining after the appropriation was $5,000 an acre for a total after value of $33,760. Claimants' expert did place reliance on a comparable (Sale No. 6) that disclosed a per acre value of $5,481. But this property (unlike appellants') had substantial frontage on two streets. While the witness made no attempt to adjust this sale he did express the opinion that the after value of subject property was $2,500 an acre. The expert called by the State fixed an after value of the same remaining land at $1,250 an acre — a figure that would result in even greater damage to appellants. We find the per acre value of such remainder to be $2,500 and increase the award by the sum of $16,880. (Appeal from judgment of the Court of Claims, in action for permanent appropriation of realty.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ RHEA H. CLARKE et al., Appellants, v. FIRST PRESBYTERIAN CHURCH OF EAST AURORA, Defendant-Respondent and Third-Party Plaintiff. EMULSO CORPORATION, Third-Party Defendant.— Order reversed, with costs, and motion granted. Memorandum: The report sought to be discovered by defendant was prepared by an expert employed by plaintiffs and was predicated upon the condition of the assembly room floor as it existed nine months after the accident, when the coating of the floor had been changed from that which existed at the time of plaintiff's fall. It was unquestionably material prepared for litigation which was exempt from disclosure, unless defendant established that it could no longer be duplicated because of a change in conditions and that withholding it would result in injustice or undue hardship. (CPLR 3101, subd. [d].) This it has failed to do. To the extent that the test conducted by plaintiffs' expert was based on conditions different from those which existed at the time of the accident, it is within defendant's power even today to duplicate that situation. Furthermore, any hardship which may result is the defendant's own doing; it knew that plaintiffs were making tests shortly after it was done and had it within its power at any time to make such tests as it thought appropriate. The assembly room floor was at all times within the exclusive control of defendant. All concur, except Goldman, J., who dissents and votes to affirm. (Appeal from order of Erie Special Term, denying protective order and directing discovery and inspection.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.