■ LEONARD C. RINALDO, JR., Plaintiff, v SYRACUSE UNIVERSITY, Defendant and Third-Party Plaintiff-Respondent. ELLISON CREEK SWEET HOME ROAD PROPERTIES, INC., et al., Third-Party Defendants-Appellants.—Order unanimously affirmed, with costs. Memorandum: We agree with Special Term that third-party plaintiff's responses to interrogatories served upon it by third-party defendants were not unresponsive nor may they be construed to be a willful failure to disclose information sufficient to impose the drastic remedy of preclusion (CPLR 3126; see Livingston v Mayes, 23 AD2d 814; Practice Commentary, Siegel, McKinney's Cons. Laws of NY, Book 7B, CPLR 3126, p 646–650). Although CPLR 3133 (subd [a]) requires that objections to interrogatories be made within 10 days after service of the interrogatories, where the objection to an interrogatory involves a CPLR 3101 immunity, the 10-day time limitation is inapplicable (Practice Commentary, Siegel, McKinney's Cons. Laws of NY, Book 7B, CPLR 3133, p 682; see Coffey v Orbachs, Inc., 22 AD2d 317, 320). Interrogatories Nos. 13 and 14 clearly deal with privileged matter (CPLR 3101, subd [b]). While it might have been better practice for the third-party plaintiff to have moved within the 10-day time period in CPLR 3133 (subd [a]) such time limitation does not override the more important considerations underlying the immunity provisions of CPLR 3101. (Appeal from order of Onondaga Supreme Court in action to recover broker's commissions.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.