■ Evelyn Conyngham, Respondent, v Joseph Conyngham, Appellant. —In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, dated February 18, 1976, as (1) awarded the plaintiff-respondent alimony in the amount of $200 per week; (2) directed him to pay a counsel fee in the amount of $2,000 and (3) failed to sustain his counterclaim for conversion of moneys on deposit in a joint bank account. Judgment modified, on the law and the facts, by (1) reducing the alimony award from the amount of $200 per week to the amount of $165 per week, (2) reducing the counsel fee awarded from the amount of $2,000 to the amount of $1,000 and (3) adding thereto a provision awarding defendant the amount of $1,700 on his third counterclaim. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In our opinion the alimony and counsel fee awards were excessive to the extent indicated herein. It should be noted that the plaintiff's attorney has already received a fee of $1,500 from the plaintiff. We also believe that the defendant was entitled to receive $3,600, one half of the funds which at the time the plaintiff was awarded temporary alimony, remained in an account which she had opened in her name only, without the defendant's knowledge, with funds taken from a joint savings account previously opened by the parties at the Union Dime Savings Bank. However, from this amount must be deducted the sum of $1,900, representing the plaintiff's share of the funds in the joint account used by her, prior to the award of temporary alimony, to pay for her necessaries. A husband's common-law liability for his wife's necessaries continues until such time as

a court awards alimony to the wife for her support (see *Friou v Gentes,* 11 AD2d 124). Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.