■ NEWARK-WAYNE COMMUNITY HOSPITAL, INC., Respondent, v CLEAVER-BROOKS, INC., Appellant, et al., Defendants.—Order unanimously reversed, without costs, and defendant's motion granted. Memorandum: Defendant-appellant, Cleaver-Brooks, Inc., a manufacturer of boiler units, served interrogatories in plaintiff's action alleging property damage resulting from a defective boiler. The complaint contained two separate causes of action against defendant-appellant, one based on negligence and the other on breach of warranty. Plaintiff made no motion to strike the interrogatories as permitted by CPLR 3133, and filed no answering papers or cross motion to defendant-appellant's motion to compel compliance. On the argument of the compliance motion, some eight months after service of the interrogatories, plaintiff for the first time raised its sole objection to the interrogatories, viz., that they were improper because the action was in part based on negligence. (See discussion of the use of interrogatories in breach of warranty cases in Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3130, p 669, citing *Ford Motor Co. v Burke Co.,* 51 Misc 2d 420; see, also, *Gellis v Searle & Co.,* 40 AD2d 676.) Despite the absence of any excuse for plaintiff's failure to move against the interrogatories within the 10-day time limit provided by CPLR 3133, Special Term denied defendant-appellant's motion to compel compliance, and, upon plaintiff's oral cross motion, ordered the interrogatories stricken. This was error. CPLR 3133 (subd [a]) "requires the recipient of the interrogatory to move to strike it within 10 days after it is served on him, and the important point to bear in mind is that no distinction is made in this regard based on the nature of the objection." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3133, p 682; see *Coffey v Orbachs, Inc.,* 22 AD2d 317, 320.) Respondent relies on *Rinaldo v Syracuse Univ.* (51 AD2d 675), in which the court in its discretion allowed objections, although untimely, where the interrogatories sought matter privileged under CPLR 3103. (See the discussion concerning the exception to the general rule requiring strict compliance with CPLR 3133 where the objection is that the matter sought is privileged, Siegel, Practice Commentary and Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, Supplement, CPLR 3133.) Plaintiff asserts no CPLR 3103 privilege here, and *Rinaldo v Syracuse Univ. (supra)* is inapplicable. (Appeal from order of Monroe Supreme Court—strike interrogatories.) Present—Marsh, P. J., Hancock, Denman, Goldman and Witmer, JJ.