GREGG D. WOOD, Appellant, v PAMELA J. WOOD, Respondent.—In a matrimonial action in which a judgment of divorce was entered, *inter alia,* awarding the defendant wife custody of the infant issue of the marriage, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County, dated April 24, 1979, as (a) denied his application for a modification of the custody provisions of the judgment of divorce, and (b) awarded a counsel fee of $3,000 to defendant's attorney for his opposition of said application, and (2) a judgment of the same court, entered August 17, 1979, which, *inter alia,* granted defendant's motion for entry of a money judgment of $3,000 for said counsel fee. Appeal from so much of the order as awarded a counsel fee to defendant's attorney dismissed as academic, without costs or disbursements. That portion of the order was superseded by the judgment entered August 17, 1979. Order reversed insofar as it denied plaintiff's application to modify the custody provisions of the judgment of divorce, without costs or disbursements, and matter remitted to Special Term for a hearing to determine the best interests of the children and for a new determination on the application. Judgment entered August 17, 1979 reversed, without costs or disbursements, and matter remitted to Special Term for a hearing to determine the relative financial circumstances of the parties so as to permit a proper allocation of the counsel fee of $3,000. The issue of custody of the parties' children was not adjudicated at the time the plaintiff was granted a divorce. Indeed, the judgment of divorce, which incorporated the custody provisions contained in the separation agreement, provided that custody of the infant issue of the marriage be with the defendant, "without prejudice to the plaintiff's right to apply to the Courts for custody." Accordingly, plaintiff has the right to apply for custody at this time and to have a hearing to determine the best interests of the children (see *Richard L. v Joyce L.,* 82 Misc 2d 649; see, also, *Guterding v Guterding,* 55 AD2d 614). Special Term also decided to award a counsel fee in the matter solely on conflicting affidavits and written statements of financial worth. In the light of the holdings in *Orr v Orr* (440 US 268) and *Childs v Childs* (69 AD2d 406), we deem it necessary that a hearing be held to do justice between the contending parties. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.