■  LANE—THE REAL ESTATE DEPARTMENT STORE, INC., Respondent, v ZIV CHESTNUT REALTY CORP., Appellant, et al., Defendant.—In an action to recover a real estate brokerage commission based upon a lease, defendant Ziv Chestnut Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated May 28, 1979, as denied that branch of its motion which was to compel plaintiff to fully

respond to certain interrogatories. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and that branch of the motion which was to compel plaintiff to fully respond to certain interrogatories is granted. Appellant served interrogatories on the plaintiff on February 8, 1979. No objection was ever made thereto. On April 30, 1979 answers to the interrogatories were served. Plaintiff did not furnish the information requested in Interrogatories Nos. 11 and 12 on the ground that the information sought was "irrelevant". Under these circumstances, Special Term should have granted appellant's motion for an order compelling full response to the interrogatories. The failure of a party to make a timely motion to strike interrogatories, pursuant to CPLR 3133, forecloses all inquiry into the propriety of the information sought, except where the objection involves a matter privileged under CPLR 3103 (see *Coffey v Orbachs, Inc.,* 22 AD2d 317; *Heimowitz v Handler, Kleiman, Sukenik & Segal,* 51 AD2d 702; *Rinaldo v Syracuse Univ.,* 51 AD2d 675; *Newark-Wayne Community Hosp. v Cleaver-Brooks,* 59 AD2d 821). Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.