■ DONALD J. WILSON et al., Respondents, v CITY OF JOHNSTOWN, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered February 15, 1980 in Fulton County, which denied defendant's motion for an order dismissing plaintiffs' complaint for failure to comply with the provisions of section 50-h of the General Municipal Law. On June 15, 1979 plaintiffs served a claim upon the defendant city alleging that the defendant, in its landfill

operation, negligently permitted chemical waste to enter plaintiffs' water supply. On July 13, 1979 defendant served upon the plaintiffs a notice of a hearing under the provisions of section 50-h. At the hearing, plaintiff Donald J. Wilson refused to answer questions concerning a report prepared by an expert employed by his attorney as to tests performed on plaintiffs' water supply. Defendant contends that a municipality should be afforded full disclosure of the facts supporting a claim against it in advance of the commencement of the action in order that it may "ascertain both liability and extent of exposure." We do not agree. In our view, the restrictions imposed by article 31 of the CPLR are applicable to a hearing under section 50-h of the General Municipal Law. CPLR 3101 (subd [d], par 1) provides that an opinion of an expert prepared for litigation shall not be obtainable except under conditions not here present (see *Binke v Goodyear Tire & Rubber Co.,* 55 AD2d 632). Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.