## (October 29, 1981)

■ LILLIAN BROWN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59417.) — Appeal from a judgment of the Court of Claims (Blinder, J.), entered June 6, 1977, which dismissed the claim. Lillian Brown, the claimant, has been a patient at Pilgrim State Hospital continuously since 1965. During this period, several of her treating physicians diagnosed her a suicidal. She was accordingly confined to a closed ward, which was devised to prevent a patient's unattended exit and was equipped with window guards and locks to ensure the patient's safety. Keys to the doors and window guards were solely in the possession of the hospital's employees. On March 2, 1975, claimant, then 70 years old, sustained personal injuries when, in an apparent suicide attempt, she fell from a window in her second floor room to the ground below. Immediately after the fall, the window and window guard were found open. Although the latch on the window guard was in a locked position, the bolt had not been secured to the wall; hence, this window guard was ineffectual. The locking mechanism on this window had been previously reported as defective and a work order to have it repaired was submitted, but it had not yet been repaired. Despite this, claimant was allowed access to the unsecured window. Her damages claim, predicated in part on the State's negligence in failing to adequately secure the window in her room, was dismissed on the ground that failure to diagnose her as suicidal was a medical judgment and any error in treatment based upon that determination could not give rise to liability on the State's part. We review the issue as not whether the State should be liable for incorrect diagnosis and treatment of claimant, but instead whether it adequately supervised her in accordance with the diagnosis it had in fact made. The record discloses that approximately six weeks before this occurrence the State's witness, Dr. Cardinale, diagnosed claimant as being disoriented, markedly confused, mentally deficient, and lacking insight and judgment. In our judgment, keeping such a person, suicidal or not, in this second-story room

with a window she could open enough to fall through constitutes negligent lack of supervision. The State is required to exercise reasonable care of mental patients to prevent them from injuring themselves (see *Sporza v German Sav. Bank in City of N.Y.,* 192 NY 8, 14), and the degree of that care is measured by the degree of incapacity known to the hospital officials *(Zajaczkowski v State of New York,* 189 Misc 299, 302). Pilgrim State Hospital's officials, by their own admission, were aware of claimant's serious deficiencies, but simply failed to take adequate precautions to supervise her. Judgment reversed, on the law and the facts, with costs; claim reinstated and judgment directed to be entered in claimant's favor on the issue of liability, and matter remitted to the Court of Claims for trial of the issue of damages. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.