◼ LENORE HANSEN, Respondent, v FREDERICK HANSEN, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Suffolk County (Underwood, J.), entered July 22, 1981, as awarded a counsel fee of $3,500 to the plaintiff wife's attorney. Judgment reversed insofar as appealed from, without costs or disbursements, the decretal paragraph awarding counsel fees is deleted, and the matter is remitted to Special Term for a hearing consistent herewith. Special Term awarded a counsel fee of $3,500 to plaintiff's attorney (exclusive of a $1,000 retainer which plaintiff charged on defendant's credit card as to which the latter has undertaken to pay) solely on conflicting affidavits and written statements of financial worth. A hearing should be held so as to do justice between the contending parties. (*Wood v Wood*, 73 AD2d 963; *Yagoda v Yagoda*, 73 AD2d 619.) It will be necessary to determine (1) an appropriate counsel fee for the plaintiff's attorney and (2) the relative financial circumstances of the parties, so as to permit a proper allocation of the fee. Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.

◼ GENARD HASSELL, Appellant, v COUNTY OF NASSAU, Respondent. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Nassau County (Meade, J.), dated April 24, 1981, which, *inter alia,* denied his motion to strike certain interrogatories. Order affirmed, with $50 costs and disbursements. Plaintiff's time to answer is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Plaintiff failed to object to the interrogatories within the time limit set forth in CPLR 3133 (subd [a]). (See *Newark-Wayne Community Hosp. v Cleaver-Books, Inc.*, 59 AD2d 821.) In any event, plaintiff failed to sustain his burden of proof on the question of whether the information requested required the disclosure of expert testimony, attorney's work product, or material prepared for litigation. (See *Koump v Smith,* 25 NY2d 287; *Stengel v Long Is. Light. Co.*, 61 AD2d 838.) Accordingly, we affirm the order appealed from. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.