■ PHILIP THIBODEAU et al., Respondents, v ROB LEASING, INC., Defendant, and KNICKERBOCKER DRIVURSELF, INC., Defendant and Third-Party Plaintiff-Appellant. FRUEHAUF DIVISION OF FRUEHAUF CORP., Third-Party Defendant. JUDITH HOLGERSON et al., Appellants, v JAMES REDDING, Defendant, and WEST MOUNTAIN CORPORATION, Defendant and Third-Party Plaintiff. SKI-O-RAMA TOURS, INC., Third-Party Defendant-Respondent. DENNIS J. GRAVES et al., Respondents, v R. A. B. DEVELOPMENT CORP., Appellant. (Action No. 1.) DENNIS J. GRAVES et al., Plaintiffs, v McMANUS-LONGE-BROCKWELL, INC., et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff. EMPIRE SOIL INVESTIGATIONS, INC., Third-Party Defendant. (Action No. 2.) JOHN J. FISH et al., Respondents, v DUO SAFETY LADDER CORPORATION, Defendant and Third-Party Plaintiff-Appellant, and VILLAGE OF VALLEY FALLS et al., Third-Party Defendants-Respondents. — Appeal, in Appeal No. 42134, from an order of the Supreme Court at Special Term (Cholakis, J.), entered January 26, 1982 in Rensselaer County, which granted plaintiffs' motion for a protective order. Appeal, in Appeal No. 42365, from an order of the Supreme Court at Special Term (Conway, J.), entered January 29, 1982 in Saratoga County, which, inter alia, granted the third-party defendant's motion to compel plaintiffs to disclose the identity of any expert witness. Appeal, in Appeal No. 42559, from an order of the Supreme Court at Special Term (Harvey, J.), entered February 19, 1982 in Albany County, which, inter alia, granted plaintiffs' motion for a protective order. Appeal, in Appeal No. 42195, from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered August 11, 1981 in Rensselaer County, which, inter alia, granted plaintiffs' motion for a protective order. The underlying actions seek money damages for personal injuries allegedly sustained by plaintiffs based on negligence, breach of warranty and other related causes of action. While the individual cases are unrelated, the appeals were argued together because the central issue in each was similar. In the first three listed appeals, discovery pursuant to CPLR 3101 was sought of the identity of each expert witness who would testify at trial on behalf of plaintiffs, the subject matter of his testimony, the substance of the facts and opinions to which the expert was expected to testify, and a summary of the grounds for each opinion and, in the alternative, a copy of the expert's report. The fourth appeal is somewhat different and we will consider it separately. As to the first three appeals, there is no claim that the material sought to be discovered can no longer be duplicated because of a change in conditions as required by CPLR 3101 (subd [d], par 1). We are unpersuaded by the argument that the information is needed for cross-examination. It is well established that defendants are not, under the circumstances presented in these first three appeals, entitled to any of the information requested (CPLR 3101, subd [d], par 1; Kincaid v Sears, Roebuck & Co., 79 AD2d 1094; Wilson v City of Johnstown, 78 AD2d 932). Passing to the remaining appeal, the injuries were sustained as the result of an incident on May 10, 1977 during a firemen's training school when a wooden ladder manufactured by defendant Duo Safety Ladder Corporation allegedly fractured and collapsed. The summons in the instant action was served in April, 1978. After the accident and until mid-1979 when the ladder was delivered to defendant, it was stored at the Valley Falls Firehouse. On December 28, 1978,

defendant was allowed access to the ladder so that it could be photographed and examined. Defendant sought portions of the reports of any expert who examined the ladder on behalf of plaintiffs prior to December 28, 1978, and copies of photographs taken of the ladder prior to December 28, 1978. Unlike the other three appeals, defendant here contends that it is entitled to such discovery since there may have occurred some changes in the condition of the ladder during the time it was stored at the firehouse. Special Term granted plaintiffs' motion for a protective order and this appeal ensued. As stated by then Justice Jasen in *Ruggeiro v Board of Educ.* (49 Misc 2d 532, 533), the party seeking discovery of material prepared for litigation has the burden of proving circumstances sufficient to invoke the specific exception set forth in CPLR 3101 (subd [d]). While defendant did have access to the ladder and took photographs of it on December 28, 1978, there was no affidavit by an expert submitted by defendant on the motion to demonstrate any possibility of a change in the condition of the ladder. The only affidavit submitted by defendant was that of its attorney wherein he speculated that splatters of paint on the ladder may indicate the type of misuse to which it had been subjected; that a large piece of wood was lying near the ladder when he observed it at the firehouse on December 28, 1978 and could have broken off the ladder after the accident; and that there were slight cracks in the ladder which could have occurred after the accident. In support of their motion for a protective order, plaintiffs submitted an affidavit of the Fire Chief of the Village of Valley Falls Fire Department who stated that he was at the scene of the accident and personally supervised the loading and transporting of the ladder back to the firehouse and that a piece of wood from the ladder was retrieved at the scene and preserved with the ladder. It was also stated in this affidavit that upon information and belief the ladder was in the same condition, except for a few spots of paint, when it was turned over to defendant as it was immediately after the accident. Special Term denied defendant's request on the ground it failed to meet its burden of proof to demonstrate any material change or the likelihood that such a change occurred sufficient to require discovery of the materials sought by defendant. We agree and are to affirm. Order, in Appeal No. 42134, affirmed, with costs. Order, in Appeal No. 42365, modified, on the law, by reversing so much thereof as required plaintiffs to provide the name and address of any expert witness expected to be called by them, and, as so modified, affirmed, with costs to plaintiffs. Order, in Appeal No. 42559, affirmed, with costs. Order, in Appeal No. 42195, affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.