■ HELEN BLESSIN, Respondent, v RALPH J. GREENBERG et al., Defendants, and NYACK HOSPITAL, Appellant. — In a medical malpractice action, defendant Nyack Hospital appeals from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated February 8, 1982, as, upon its motion, *inter alia*, to dismiss plaintiff's complaint for failure to respond to interrogatories, directed plaintiff to provide further answers to interrogatories signed by plaintiff and under oath. Order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff is directed to serve her answers to the interrogatories within 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. If plaintiff is currently without sufficient knowledge to answer any of the interrogatories, she may so state under oath and serve a supplemental response to those interrogatories promptly upon obtaining knowledge thereof, but in any event, not later than 30 days before the date of the trial. On or about June 11, 1981, appellant served interrogato-

ries upon plaintiff. Plaintiff neither moved for a protective order pursuant to CPLR 3103, nor objected to the interrogatories pursuant to CPLR 3133. By notice of motion dated July 24, 1981, appellant moved, pursuant to CPLR 3126, to dismiss the complaint for plaintiff's failure to comply with requested discovery, including the failure to serve answers to its interrogatories, or, in the alternative, to compel disclosure. In opposition to the motion, plaintiff submitted copies of her answers to the written interrogatories. The answers were verified by plaintiff's attorney. On November 2, 1981, Special Term denied appellant's motion with respect to plaintiff's failure to answer the interrogatories, without prejudice to a further motion by it as to the sufficiency of the responses to the interrogatories. Thereafter, by notice of motion dated November 9, 1981, appellant moved for an order pursuant to CPLR 3124 and 3126, (1) dismissing the complaint for plaintiff's willful failure to respond to interrogatories, or (2) compelling plaintiff to provide further answers to the interrogatories. In addition to arguing, *inter alia,* that plaintiff's answers were totally nonresponsive, appellant contended that verification of the answers by plaintiff's attorney, rather than plaintiff herself, was improper. Special Term granted appellant's motion to the extent of directing plaintiff "to serve further answers to interrogatories signed by the plaintiff in writing and under oath." The court indicated, *inter alia,* that "answers to the interrogatories should be made by the plaintiff herself, if necessary, with the assistance of her attorney following consultation." This order does not merely require plaintiff to verify the answers to the interrogatories already served by her attorney, but requires plaintiff to fully respond to all interrogatories served. We note that the answers to Interrogatory Nos. 13 through 26, specifically challenged at Special Term by appellant, were either totally nonresponsive or conclusory and general in nature. Such responses do not satisfy the purpose of interrogatories, which is to obtain evidence (see *Lubell v Work Wear Corp.,* 82 Misc 2d 1000, 1002, affd 86 Misc 2d 1001). Plaintiff, having failed to timely object to the propriety of the interrogatories, is now foreclosed from challenging the interrogatories, except as to requests for matter privileged under CPLR 3101 (see *Lane—Real Estate Dept. Store v Ziv Chestnut Realty Corp.,* 76 AD2d 902). Since none of the interrogatories request privileged matter, plaintiff must respond to them with the specificity demanded by appellant. Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.