■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DORIS L. SASSOWER, on Behalf of R. THADDEUS BURKE, Appellant, v KATHLEEN M. BURKE, Respondent. — In a habeas corpus proceeding to determine custody of a child, petitioner appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), dated April 10, 1981, which, *inter alia,* directed that the State of New York should retain jurisdiction over the instant proceeding, directed a hearing on this matter, awarded respondent temporary custody of the parties' infant child, and granted petitioner supervised visitation with the parties' infant child every Sunday from 10:00 A.M. to 3:00 P.M.; (2) a decision of the same court (Wood, J.), dated April 29, 1981, which, after a hearing, retained jurisdiction of the custody proceeding, directed a hearing on the issue of custody, and adhered to the order dated April 10, 1981 concerning temporary custody and visitation; (3) a judgment of the same court (Coppola, J.), dated May 22, 1981, which, after a hearing, *inter alia,* awarded respondent custody of the parties' infant child, granted petitioner supervised visitation with the child every other Sunday from 10:00 A.M. to 3:00 P.M. in Westchester County, and awarded respondent $2,000 for counsel fees; and (4) so much of an order of the same court (Coppola, J.), dated August 4, 1981, as granted respondent's motion for additional counsel fees in the sum of $1,000, to be paid directly to counsel for respondent, to enable her to defend the appeals from the aforesaid order, decision and judgment. Appeal from the order dated April 10, 1981, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a

decision (see CPLR 5511). Judgment modified by deleting the provision which awarded respondent counsel fees. As so modified, judgment affirmed, without costs or disbursements. Order dated August 4, 1981 reversed insofar as appealed from, without costs or disbursements, and the provision awarding a counsel fee to respondent's counsel to defend the appeals from the aforesaid order, decision and judgment is deleted. The case is remitted to Special Term for further proceedings consistent herewith. Special Term properly retained jurisdiction of the instant proceeding to determine the issue of the custody of the parties' infant child. Moreover, since Special Term, by order dated August 23, 1982 (Coppola, J.), has referred the matter of visitation to the Family Court to conduct proceedings on the issue, petitioner's request for a hearing is academic. Pending said proceedings, the visitation as granted by the judgment dated May 22, 1981 shall remain in effect. Finally, we note that the record contains insufficient information to determine whether Special Term's awards of counsel fees to respondent and to respondent's counsel were appropriate. Therefore, the matter is remitted to Special Term for further proceedings on the issue, including the submission of written statements of financial worth from both parties, in accordance with the rules of this department (22 NYCRR 699.11), and a hearing, "to do justice between the contending parties" (see *Wood v Wood,* 73 AD2d 963). Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.