■ JUDITH ROSS, Respondent, v GORDON D. ROSS, Appellant. — Appeal by defendant from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), entered August 12, 1981, as, in awarding plaintiff judgment in the sum of $23,085, included counsel fees and expenses of $20,420. Judgment reversed insofar as appealed from, without costs or disbursements, the award in favor of plaintiff is reduced by $20,420, representing counsel fees and expenses, and the matter is remitted to Special Term for a hearing consistent herewith. Plaintiff concedes that her schedule of expenses contained a mathematical error of $6,000; the judgment must therefore be modified downward by at least this amount. Further, Special Term was without authority to award counsel fees and necessary travel and other expenses to plaintiff under subdivision 7 of section 75-h and subdivision 3 of section 75-i of the Domestic Relations Law. These sections, adopted as part of the Uniform Child Custody Jurisdiction Act, provide for payment of counsel fees and expenses in the event that a New York court either refuses to exercise jursidiction over a proceeding on the ground that it would be a clearly inappropriate forum or if the petitioner for an "initial decree" has engaged in "reprehensible" conduct (i.e., wrongfully removing the child from another State). Neither of these circumstances is present at bar. Section 237 of the Domestic Relations Law provides a statutory basis for an award of counsel fees. It does not, however, provide for repayment of other expenses except those necessary to carry on or defend the proceeding. Plaintiff's claims for travel, housing, clothing and tuition (for the daughter) do not meet this statutory standard. We note that even were the claimed sums recompensable, plaintiff has not corroborated her allegation that she actually made such expenditures. We do not construe section 237 to also include the counsel fees incurred by plaintiff in North Carolina, which were expended in her effort to contest the custody proceeding which her ex-husband initially commenced in that State. Finally, we note the defendant's claim that he is financially unable to pay these counsel fees. As we have previously stated, counsel fees should not be awarded solely on conflicting affidavits and written

statements of financial worth. (See *Hansen v Hansen,* 86 AD2d 859; *Wood v Wood,* 73 AD2d 963; *Yagoda v Yagoda,* 73 AD2d 619). Plaintiff produced no documentary evidence establishing her needs or net worth and defendant asserts that he has no liquid assets. The matter is remitted for a hearing to determine (1) appropriate counsel fees for plaintiff's attorneys, limited to a maximum of $4,515 as requested by plaintiff, and (2) the relative financial circumstances of the parties, so as to permit a proper allocation of the fee. Although plaintiff's New York attorneys have already received payments from her of $2,500 (see *Conyngham v Conyngham,* 57 AD2d 825), this is not an impediment to requiring that defendant repay her in full if it is found that he should be responsible for all of her counsel fees. (See *Silver v Silver,* 63 AD2d 1017.) Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.