■ MARY HARMON, Also Known as MARY BINSKI, et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 62895.) — Judgment of the Court of Claims (Orlando, J.), dated July 21, 1982, affirmed, with costs. (See *Gunnarson v State of New York,* 95 AD2d 797; *Brown v State of New York,* 84 AD2d 644; *Thall v State of New York,* 42 AD2d 622.) Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.

■ THEODORE HIGDON, et al., Individually and as Parents and Natural Guardians of CHIMERE HIGDON, an Infant, Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. — In a medical malpractice action, the defendants County of Nassau and certain medical personnel appeal from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated February 1, 1983, as denied their motion to dismiss the complaint on the ground that plaintiffs failed to properly answer their interrogatories. Order modified by granting the appellants' motion to the extent that the plaintiffs shall serve supplemental answers to appellants' interrogatories Nos. 6 and 9 through 18 if and when they obtain the necessary information to prepare a response thereto, and in any event, not later than 30 days after completion of discovery. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. We agree with Special Term that in averring a lack of personal knowledge of appellants' alleged departure from good and accepted medical practice, plaintiffs have offered valid and adequate responses to interrogatories Nos. 6 and 9 through 18. We conclude, however, that plaintiffs should be required to provide information relative to these interrogatories if and when they obtain it (see *Blessin v Greenberg,* 89 AD2d 862; *Kincaid v Sears, Roebuck & Co.,* 79 AD2d 1094; *Patterson v Jewish Hosp. & Med. Center,* 94 Misc 2d 680, affd 65 AD2d 553). We have considered the other contentions raised on appeal and find them to be without merit. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.