■ MARY M. WOESSNER, Respondent, v JOHN W. WOESSNER, Appellant. — In a matrimonial action, defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated July 15, 1983, as (1) denied his cross motion for an order suspending his obligation to pay maintenance and child support to plaintiff wife and to forgive any arrears thereon, (2) granted judgment in favor of plaintiff in the sum of $3,150, and (3) directed him to pay plaintiff's attorney's fees in the sum of $650.

Order modified by deleting the fourth decretal paragraph thereof, which awarded attorney's fees to plaintiff. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Based on the evidence before it, Special Term concluded that plaintiff had not interfered with defendant's rights of visitation. Our review of the record reveals no basis to disturb that conclusion. Accordingly, plaintiff's application for a judgment for arrears in maintenance and child support was properly granted.

However, "[a]n application for a counsel fee must * * * comply with section 699.11 of the rules of this court (22 NYCRR 699.11) with respect to the official form required to be filed" (*see, Steinman v Steinman,* 87 AD2d 649). That branch of plaintiff's motion which sought counsel fees is therefore remitted to the Supreme Court, Nassau County, to be placed on the calendar only after plaintiff files her affidavit on the required form (*Lewin v Lewin,* 91 AD2d 649, 651).

Furthermore, counsel fees should not be awarded solely on the basis of conflicting affidavits and written statements of financial worth. Under the circumstances of this case, "[a] hearing [should] be held [so as] to do justice between the contending parties" (*Wood v Wood,* 73 AD2d 963; *Yagoda v Yagoda,* 73 AD2d 619). "It will be necessary to determine (1) an appropriate counsel fee for the plaintiff's attorney and (2) the relative financial circumstances of the parties, so as to permit a proper allocation of the fee" (*Hansen v Hansen,* 86 AD2d 859; *see, Ross v Ross,* 90 AD2d 541). Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.