■ ABRAHAM M. STERN, Appellant-Respondent, v JANET STERN, Respondent-Appellant.—In an action for a conversion divorce (Domestic Relations Law § 170 [6]), plaintiff husband appeals, as limited by his brief, from so much of a resettled judgment of the Supreme Court, Rockland County (Nastasi, J.), entered August 27, 1984, as, after a nonjury trial, dismissed the complaint and awarded $6,000 in counsel fees to defendant wife, and defendant wife cross-appeals, as limited by her brief, from so much of said judgment as limited her award of counsel fees to only $6,000.

Resettled judgment modified by deleting the third decretal paragraph which awarded defendant counsel fees. As so modified, resettled judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for a hearing and new determination on defendant's application for counsel fees.

On December 3, 1979, the parties entered into a separation agreement wherein plaintiff agreed, *inter alia,* to provide defendant with monthly monetary support and certain maintenance expenses of the marital home. On March 11, 1981, the parties entered into a modification of said agreement, which, in pertinent part, provided that "in the event the Wife does not cooperate in the exhibition and efforts to sell the [marital] home, the Husband's obligations under this modification and the prior Agreement between the parties shall be deemed of no further force and effect". It is undisputed that the parties had lived separate and apart for more than one year; it is also not disputed that in or about January 1983, plaintiff ceased making all support and maintenance payments.

Plaintiff's complaint for a conversion divorce pursuant to Domestic Relations Law § 170 (6) alleged, *inter alia,* that plaintiff had "substantially performed all the terms and conditions of [the separation] agreement and the modification thereof". At the trial, on February 14, 1984, plaintiff attempted to establish that defendant did not cooperate with the sale of the marital home, that, accordingly, his obligations under the agreement terminated, and that, therefore, his

conceded failure to make the support and maintenance payments did not constitute a lack of substantial performance. The only evidence proffered by plaintiff to support his position was the fact that defendant did not sign a brokerage agreement in December 1982. We agree with the trial court that this was insufficient to establish defendant's "noncooperation" in light of the absence of any effort by plaintiff to sell the house before December 1982, the fact that plaintiff himself did not sign the brokerage agreement, and the credible testimony by defendant that she had never been asked to sign the agreement. Plaintiff's allegation of noncooperation was further belied by defendant's uncontroverted testimony as to her efforts prior to December 1982 to have the house sold—by showing it to brokers and encouraging plaintiff to proceed with the repairs he had agreed to make to restore the house to a saleable condition. We see no basis to overturn the trial court's conclusion that defendant did not fail to cooperate in the sale of the house. Based on her testimony, credited by the trial court, that she was never asked, and never refused to sign the brokerage agreement, we conclude that defendant was never called upon to take any affirmative steps towards effectuating a sale of the house such that her failure to take these steps would constitute the failure to cooperate. Hence plaintiff's unilateral decision to terminate the support payments was not in accordance with the agreement and modification thereof (see, Surlak v Surlak, 95 AD2d 371). While literal compliance with a separation agreement is not required, the failure to comply with support provisions which are the essential duties imposed by the agreement precludes the use of the separation agreement as the basis for judicial relief (Berman v Berman, 72 AD2d 425, affd 52 NY2d 723).

We find no merit to plaintiff's challenge to the trial court's discretionary decision to sua sponte amend the pleadings to conform to the proof (CPLR 3025 [c]). Since plaintiff was obliged to submit proof that he substantially performed all of the terms and conditions of the separation agreement (Domestic Relations Law § 170 [6]), he cannot claim that he was unprepared at trial for defendant's inquiry concerning his failure to make support payments (see, Sharkey v Locust Val. Mar., 96 AD2d 1093). Defendant's responsive pleading included the general claim that plaintiff failed to comply with portions of the separation agreement. Had plaintiff been specifically apprised by the pleading that his compliance with the support provisions would be in issue, there is no indication that his position would have been any different than that of

taking the unconvincing tack that he had been relieved of his support obligations.

Accordingly, the trial court correctly dismissed plaintiff's complaint for a conversion divorce because plaintiff failed to substantially comply with the separation agreement.

We turn next to plaintiff's contention that the trial court improperly awarded counsel fees to defendant without first conducting an evidentiary hearing, and to defendant's claim on her cross appeal that the amount awarded was inadequate. In support of her motion for counsel fees (Domestic Relations Law § 237 [a]), defendant submitted an affidavit of net worth and an affidavit describing her financial circumstances, which included references to plaintiff's failure to make support payments and defendant's inability to work. Her attorney submitted an affirmation setting forth the terms of his fee agreement with defendant, with an annexed listing of the time he spent and services he provided for defendant totaling $11,930 in fees earned.

In an opposing affidavit, plaintiff argued that defendant was not entitled to counsel fees, in part because of her substantial assets, and moreover, that the amount requested was excessive and the schedule of services submitted by counsel exaggerated. Plaintiff did not submit a net worth statement.

Plaintiff's clear objections to defendant's request for counsel fees should have alerted the trial court to the need to conduct an evidentiary hearing (see, Lynch v Lynch, 97 AD2d 814; cf. Jerman v Jerman, 80 AD2d 825). Instead, the court summarily awarded defendant $6,000 as the "fair and reasonable value of counsel's services".

We agree with plaintiff that defendant's application for counsel fees must be remitted for a hearing to determine an appropriate fee for defendant's attorney and the relative financial circumstances of the parties so as to permit a proper allocation of the fee (e.g., Sadofsky v Sadofsky, 78 AD2d 520; Ross v Ross, 90 AD2d 541; Hansen v Hansen, 86 AD2d 859). Final fixation of counsel fees should not be based solely on conflicting affidavits and written statements of financial worth, but rather, on testimonial or other trial evidence, scrutinized in an adversarial context for the purpose of doing justice between the parties (e.g., Ross v Ross, supra; Sadofsky v Sadofsky, supra; Hansen v Hansen, supra). Evidence of the financial circumstances of both parties should be presented at the hearing, at which time defendant will have the opportunity to demonstrate the reasonableness of the amount re-

quested. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.