■ LINDA KRIANCIUNAS, Respondent, v SUBURBAN PROPANE GAS COMPANY et al., Appellants.—In an action to recover damages for personal injuries, (1) defendant Suburban Propane Gas Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated October 21, 1983, as denied its motion

for an order of preclusion based upon plaintiff's failure to fully respond to its interrogatories and (2) defendant Bergers Appliance Store appeals from an order of the same court (Martin, J.), dated September 5, 1984, which denied its motion to compel plaintiff to furnish a report prepared by her expert.

Order dated October 21, 1983 affirmed, insofar as appealed from and order dated September 5, 1984 affirmed, with one bill of costs.

It is clear from the record that plaintiff, merely by requesting an extension of time in which to respond to defendant Suburban Propane Gas Company's interrogatories, did not waive her right to raise substantive objections to any particular question. There is no dispute that the interrogatory requesting disclosure of the contents of the report prepared by plaintiff's expert seeks discovery of material prepared for litigation and thus is subject to the provisions of CPLR 3101 (d) (1). As such, plaintiff was not bound by the 10-day limitation period contained in CPLR 3133 (a) *(see, Lane—Real Estate Dept. Store v Ziv Chestnut Realty Corp.,* 76 AD2d 902; *Rinaldo v Syracuse Univ.,* 51 AD2d 675). Moreover, any waiver of rights must be intentional and knowing *(City of New York v State of New York,* 40 NY2d 659, 669). In the case at bar, plaintiff unequivocally expressed her intention not to waive objections to the interrogatories at issue by declining to answer them on the ground they were "beyond the scope of Article 31 of the CPLR".

Turning to the merits of whether the court correctly decided that plaintiff's expert's report was not discoverable and the interrogatory relating thereto need not be answered, both defendants urge that a change in condition of the area where the explosion in question took place prevented them from duplicating said report and that withholding the same would result in injustice or undue hardship. However, the burden was upon them to present proof in support of such claim *(Thibodeau v Rob Leasing,* 88 AD2d 1085). The record is devoid of evidence beyond mere speculation that removal of plaintiff's clothes dryer to another part of the house altered the conditions which caused the explosion. Clearly, something more is required to warrant disclosure of otherwise privileged material *(see, Thibodeau v Rob Leasing, supra).* Moreover, defendant Suburban Propane Gas Company's own employees were present in plaintiff's home a day or two after the accident, long before plaintiff returned home from the hospital following the accident. Similarly, defendant Bergers Appliance Store had access to plaintiff's home by virtue of a court order

issued shortly after plaintiff commenced her lawsuit. Discovery of an expert's report prepared during the course of litigation and answers to interrogatories related thereto will not be permitted under such circumstances *(see, Clarke v First Presbyt. Church,* 30 AD2d 763).

We have considered defendants' other contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.