█ JOHN WALLACE et al., Individually and as Parents and Guardians ad Litem of ARTHUR WALLACE, Respondents, v BENEDICTINE HOSPITAL, Appellant, and JOSEPH CONRAD, Respondent, et al., Defendants.—Harvey, J.

This is a medical malpractice case. Arthur Wallace underwent surgery under general anesthesia at defendant Benedictine Hospital. During the operation, he went into cardiac arrest apparently as a result of an anesthesia-related condition. Although resuscitated, permanent brain damage resulted. The issue before us concerns discovery procedures initiated by plaintiffs and a codefendant to obtain information as to any possible defects in the anesthesia machine. Complicating these procedures is the very apparent hostility among counsel.

At a relatively early time after commencement of the action, plaintiffs' attorney was granted permission to examine and photograph the anesthesia machine in the presence of adverse attorneys. Also present at the time was an employee of the hospital who had custody of the machine. Although it was not made known to the hospital's opponents at that time, a valve which had been in the machine at the time of the

incident had been replaced by another valve, but the original valve was and continues to be available for examination. The fact that the valve had been replaced was discovered only after the hospital had provided the adverse parties with copies of a report of its expert with statements of opinion redacted. Shortly after the incident, the expert had examined both the machine and a valve, not then in the machine, which was identified by the hospital as the valve which had been in the machine at the time of the incident. His redacted report described the condition of the valve as it was when he examined it.

The furnishing of the redacted report was pursuant to a court order. Upon reading the report, plaintiffs repetitioned the court for a completely unredacted copy of the expert's report. After an in camera examination of the unredacted report, Special Term granted the request. However, the reason for granting it is not apparent. Plaintiffs argue that it should be granted as a sanction for the lack of candor displayed by the hospital in prior discovery proceedings. However, Special Term did not indicate that its amended order was for the purpose of imposing a sanction. We conclude that the only issue before this court is to determine the appropriate use of the report together with any conditions to be attached thereto.

The fact that the expert's examination and his report were in preparation for litigation cannot be questioned. The extent of disclosure is governed by CPLR former 3101 (d), since the action was commenced prior to July 1, 1985 (see, L 1985, ch 294, §§ 4, 25). Consequently, opinions expressed in the report are not discoverable without a showing that the inspection and tests conducted by the hospital's expert can no longer be duplicated and that withholding the expert's opinion would result in injustice (see, *Krianciunas v Suburban Propane Gas Co.,* 114 AD2d 936, 937; *Thibodeau v Rob Leasing,* 88 AD2d 1085). There was no provision under the former CPLR section for an exchange of expert opinions *(but cf.* CPLR 3101 [d] [1] [i], as amended by L 1985, ch 294).

Although the attorneys' hostility toward each other has produced many pages of affidavits, charges and countercharges, the issue seems to be uncomplicated. If the present condition of the valve is the same as it was when the hospital's expert observed it, plaintiffs' expert may make a valid and reliable examination of it. It is impossible, however, to ascertain from the record whether the removed valve has been unaltered since the examination or whether it was altered in any way during the examination. Accordingly, we

deem it appropriate to make it a condition of our decision that the hospital's expert provide a sworn affidavit attesting that the valve of the machine is presently in the same condition as when he inspected it.

Further, in ordering production of unredacted copies of the report, Special Term may also have sought to remedy the hospital's overly zealous redaction of the report. Our in camera review of the report reveals that in initially redacting said report, the hospital not only redacted opinions, as it was entitled to do, but it also incorrectly redacted some factual information which Special Term had originally determined the parties were allowed to receive. Therefore, while we find that the hospital is not required to furnish a completely unredacted copy of its expert's report, as Special Term ordered, plaintiffs are entitled to additional factual information than was originally furnished to them. Hence, the order appealed from must be modified accordingly.

Order modified, on the law and the facts, without costs, (1) by adding thereto the condition that defendant Benedictine Hospital provide, within 20 days, to the parties in this action a sworn affidavit, by the person who inspected the anesthesia machine at Benedictine Hospital, attesting that the valve of the machine is presently in the same condition as when he inspected it, and (2) by redacting from the expert's report the following portions: the two sentences beginning with the word "This" on line 46 of page 1 and ending with the word "problem" on line 50 of page 1; the 10 sentences beginning with the word "Let" on line 26 of page 2 and ending with the word "patient" on line 54 of page 2; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.