GARY DORATO, Respondent, v ARTHUR SCHILP et al., Appellants, et al., Defendants.

Third Department, October 15, 1987

## APPEARANCES OF COUNSEL

*Smith, Sovik, Kendrick, Schwarzer & Sugnet (Donald P. Colella* of counsel), for appellants.

*Rappoport, Meyers, Griffen & Whitbeck (Jason L. Shaw* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

Defendants Arthur Schilp and Divya Swaroop (hereinafter defendants) in this medical malpractice action seek copies of the reports of physicians who were retained by plaintiff as experts and prepared the reports for litigation. Plaintiff contends that pursuant to CPLR 3101 (former [d]) *(see, Wallace v Benedictine Hosp.,* 124 AD2d 433, 434), the reports are not obtainable by defendants. We agree with plaintiff.

Since the reports, containing the opinions of experts, were concededly prepared for litigation, and since there is no claim of injustice or undue hardship if the reports are withheld, CPLR 3101 (former [d]) clearly precludes disclosure of the medical reports unless CPLR 3121 is applicable *(see, Hoenig v Westphal,* 52 NY2d 605, 609-610). Although CPLR 3121 (b) refers only to disclosure "by the party seeking the examination to any party requesting to exchange [reports]", the First and Second Departments have held that, pursuant to the analysis of the statute in *Hoenig v Westphal (supra),* CPLR 3121 (b) can be used by a defendant, who requested an examination of a plaintiff, to obtain copies of examination reports in the plaintiff's control *(Pierson v Yourish,* 122 AD2d 202; *Moreno v Greater N. Y. Dental Adm'rs,* 120 AD2d 343). Irrespective of which party seeks disclosure of the reports, however, it is clear from the wording of CPLR 3121 (b) and the court's analysis in *Hoenig v Westphal (supra)* that an "exchange" of reports is contemplated, and not the unilateral delivery of reports by a party who has conducted an examination to a party who has neither conducted nor requested an examination.

Defendants have neither conducted nor requested an examination; they have merely reserved the right to request an examination if their review of the reports sought from plain-

tiff indicates that such an examination is necessary. Accordingly, defendants seek the unilateral disclosure of reports by plaintiff, with only the possibility that a report will be forthcoming in exchange if defendants elect to request an examination. In our view, such a procedure is not authorized by CPLR 3121 (b), and for the same reason, the uniform rule concerning the exchange of medical reports in a personal injury action (22 NYCRR 202.17 [b] [1]) is not applicable. Since defendants have had ample time to request an examination, we see no reason to disturb Supreme Court's denial of their motion to vacate the note of issue.

MAIN, J. P., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, with costs.