■ .ESTHER ROTHENBERG, Individually and as a Partner in Forbes Homes of Amherst, Inc., and Another, Respondent, v DAVID ECKEL et al., Appellants.—Order unanimously affirmed with costs. Memorandum: We reject appellants' contention that respondent, Rothenberg, was not a party to the agreement containing the arbitration clause and thus was not entitled to demand arbitration. Appellants argue that the individuals signing the agreement did so, not in their individual capacities, but as members of two groups. The language of the agreement indicates otherwise. The agreement lists the parties using the individual names of each and does not define the parties as being two groups. Moreover, the agreement imposes obligations and grants rights to specifically named parties to the agreement. There is nothing in the agreement indicating that the named individuals could not commence arbitration to enforce their rights. (Appeal from order of Supreme Court, Erie County, Mintz, J.—arbitration.) Present —Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.

■ PAUL R. JOHNSON et al., Appellants, v RONALD D. MORGANTI, Respondent. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Supreme Court properly ordered that defendant need not answer certain interrogatories that requested information about defendant's customer list, parts list, price list, membership in business organizations, blueprints of machinery and related information. Plaintiffs failed to establish that such information was indispensable or could not be acquired in any other way *(see, Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 909). Plaintiffs' contention that defendant's objections were untimely lacks merit *(see, Rinaldo v Syracuse Univ.,* 51 AD2d 675; *cf.,* CPLR 3133 [a]). The court properly denied plaintiffs' motion to renew. (Appeal from order of Supreme Court, Seneca County, Falvey, J.—discovery.) Present—Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.