OPINION OF THE COURT
Philip C. Segal, J.
In this proceeding to extend foster care placement (see, Family Ct Act § 1055 [b]), respondent moves, inter alia, to quash a subpoena and subpoena duces tecum served by petitioner Commissioner of Social Services on respondent’s expert, Dr. Bernice H. Schaul. For the following reasons, the motion is granted.
*177 Dr. Schaul, a clinical psychologist, was appointed by the court to assist respondent’s attorney in the defense of this proceeding because respondent’s mental health is in controversy. (See, County Law § 722-c.) In this capacity, Dr. Schaul prepared a written report which petitioner now seeks. Because the report was prepared to assist respondent’s attorney, the report and Dr. Schaul’s testimony as to its contents (neither of which respondent intends to offer in evidence at trial) are protected from disclosure as a part of the attorney’s work product. (CPLR 3101 [c]; Xerox Corp. v Town of Webster, 206 AD2d 935 [4th Dept 1994]; Santariga v McCann, 161 AD2d 320 [1st Dept 1990].) Moreover, Dr. Schaul’s report is immune from disclosure as material prepared for litigation. An opposite result is not required here because respondent voluntarily submitted to a psychiatric examination by petitioner’s expert, the results of which petitioner will offer in evidence at trial. As such, petitioner has no substantial need for the report’s disclosure. (CPLR 3101 [d] [2]; see, e.g., Wallace v Benedictine Hosp., 124 AD2d 433 [3d Dept 1986]; Marziano v City of Yonkers, 105 AD2d 832 [2d Dept 1984].) Finally, this court notes that the ability to consult with experts to prepare a complete defense is a key element of due process. To undermine the ability of litigants freely to engage experts in a confidential manner would have a chilling effect on their use and, therefore, impair the fundamental fairness of the litigation process.