■ In the Matter of YEHUDA TORNHEIM, Appellant, v AMY RUBE, Respondent. [934 NYS2d 870]—

The Family Court properly denied the father's objections to the Support Magistrate's dismissal of his petition, in which he sought to suspend his child support obligation on the ground that the mother interfered with his visitation. In the first instance, Support Magistrates are not empowered to hear visitation issues (*see* Family Ct Act § 439 [a]; *Matter of Mitchell v Remy*, 24 AD3d 558 [2005]). Moreover, the father's contentions with respect to the mother's alleged interference with his visitation had been raised and determined by a Judicial Hearing Officer after a hearing held on October 28, 2009. Accordingly, under the circumstances, dismissal of the petition was warranted, rather than transfer to a Family Court Judge.

Family Court Act § 438 authorizes an award of an attorney's fee in support proceedings (*see Matter of Sarfaty v Recine*, 57 AD3d 552 [2008]; *Matter of Israel v Israel*, 273 AD2d 385 [2000]). In light of the circumstances of this case, the award of an attorney's fee was a proper exercise of the Support Magistrate's discretion (*see Matter of Sarfaty v Recine*, 57 AD3d at 552; *Matter of Israel v Israel*, 273 AD2d at 385), based on the legal services provided in connection with this support proceeding (*see Matter of Olesh v Auerbach*, 227 AD2d 406, 407 [1996]; *Matter of Lazaar v Lazaar*, 248 AD2d 618 [1998]). Contrary to the father's contention, "[t]here is no impediment to reimbursement to a wife of counsel fees advanced by her which the court later finds the husband should have paid" (*Silver v Silver*, 63 AD2d 1017, 1017 [1978]; *see Ross v Ross*, 90 AD2d 541 [1982]).

The father's remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.