THELMA LICHTENSTEIN, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— In an action by a widow, as the named beneficiary under a $10,000 policy of insurance on the life of her husband, to recover the double indemnity benefit payable thereunder if (as the complaint alleged and the answer denied) the death of the named insured (plaintiff's husband) "resulted

directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means," the defendant insurer appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated January 2, 1962, as denied its motion to preclude plaintiff with respect to item " A-1 " of its demand. Order reversed, without costs, and motion granted unless, within 30 days after entry of the order hereon, plaintiff shall furnish a further bill of particulars in compliance with item " A-1 " of the demand. Item " A-1 " required plaintiff to state the nature of and to describe fully the bodily injury plaintiff claimed was sustained by her husband through external, violent and accidental means and which she claimed resulted in his death, directly and independently of all other causes; it required her also to designate the exact location of said injury on or in the husband's body. The bill of particulars, as served, stated merely that the decedent "was killed when his automobile violently struck a pole." In our opinion, such a response fails to comply with the demand; it neither amplifies the pleading, nor limits the proof, nor prevents surprise in the event of trial (cf. *Solomon* v. *Travelers Fire Ins. Co.*, 5 A D 2d 1017). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.