■ Julia Vicidomini, Appellant, v. State of New York, Respondent.— Appeal from an order of the Court of Claims entered November 7, 1963, which denied claimant's motion to vacate the State's demand for a bill of particulars. The claim in the amount of $67,500 is made for the taking of 1.512 acres of claimant's land fronting on the Middletown-Slate Hill Highway designated as State Highway No. 159 in Orange County. The claim alleges: " appropriation of the most usable and valuable portions  *  *  *  and the taking of the building thereon  *  *  *  and the reduction in size of the usable and valuable lands  *  *  *  so as to destroy and diminish the usability thereof for the purposes for which they are best suited  *  *  *  and for the taking and appropriation of valuable parts and portions of said premises and improvements thereon and adjacent thereto  *  *  *  and the remainder of her lands and the improvements thereon were rendered useless and valueless and were considerably damaged  *  *  *  and said lands and premises and the improvements thereon are no longer suitable for the purposes for which they were best suited ". The Attorney-General has demanded a detailed bill of particulars covering many items. It apparently is a form copy. Claimant urges that the Court of Claims Act has made no provision for a bill of particulars in that court and none should be permitted in an appropriation case until and unless the Legislature provides what items of particulars might be properly demanded. We do not agree. Subdivision 9 of section 9 of the Court of Claims Act provides that the practice in the Court of Claims shall be the same as in the Supreme Court. CPLR 3041 reads " Any party may require any other party to give a bill of particulars of his claim, or a copy of the items of the account alleged in a pleading." Therefore, a claim is subject to amplification upon a proper demand. We believe, however, that the claimant's contention is well founded that this demand offends the office of a bill of particulars which, of course, is to amplify the pleading, to limit the proof and to prevent surprise at the trial (*King* v. *Craddock*, 252 App. Div. 719; *Elman* v. *Ziegfeld*, 200 App. Div. 494). Its purpose is not to compel a disclosure of the work product of an attorney or opinion or other evidence. Here the demand calls for items which are proper and others patently objectionable. We are of the opinion that the demand thus is unreasonably burdensome, far reaching and oppressive in the light of the posture of the claim. The remedy, under the circumstances, is not successive prunings of the demand by this court by eliminating some items and portions of others, but rather a vacatur of the entire demand (see *Universal Metal Prods.* v. *De-Mornay Budd*, 275 App. Div. 575; *Mutual Life Ins. Co. of N. Y.* v. *Tailored Woman*, 275 App. Div. 798; *American Mint Corp.* v. *Ex-Lax*, 260 App. Div. 576, 577). " It is for the attorneys to assume this burden of serving a proper

demand, and not for the courts to attempt to correct any palpably bad one." (*Carroad* v. *Regensburg*, 17 A D 2d 734.) Order reversed, on the law and the facts, with $10 costs, with leave to respondent to serve an amended demand, if so advised. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.