■ L. F. DOMMERICH & CO., INC., Respondent, v. DIENER & DORSKIND, INC., Appellant.— Order, entered July 1, 1968, unanimously modified, on the law, on the facts and in the exercise of discretion, to deny plaintiff's motion to preclude and to grant defendant's cross motion insofar as it sought vacatur of plaintiff's demand for bill of particulars, and said order otherwise affirmed, with $30 costs and disbursements to defendant-appellant. A defendant should not ordinarily be required to furnish a bill of particulars where his answer consists solely of denials and admissions. (See *Silberfeld v. Swiss Bank Corp.*, 263 App. Div. 1017; *United Cigar-Whelan Stores Corp. v. City of Syracuse*, 83 N. Y. S. 2d 895, 897.) Here, the demand for a bill of particulars sought detailed evidentiary material more properly obtainable on an examination before trial. The demand was decidedly improper as it was obviously an attempt to shift the burden of proof and placed an improper burden on the defendant. We conclude that under the circumstances here, the defendant was not guilty of laches precluding its right to have the demand vacated. (See *Coin v. Lebenkoff*, 10 A D 2d 916; *Helfant v. Rappoport*, 14 A D 2d 764; see, also, *Baumgarten v. Lear*, 26 A D 2d 932.) Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ.

■ CALOGERO GRILLO, Appellant, v. FISCHBACH-MOORE, INCORPORATED, Respondent, et al., Defendants.— Order entered March 29, 1968, herein appealed from, unanimously reversed on the law and the verdict of the jury reinstated, with $50 costs and disbursements to appellant. The court, under proper instructions, submitted the issue of negligence to the jury, which found in favor of the plaintiff on the issue of liability. The evidence presented created an issue of fact as to the negligence of respondent. The jury, as triers of the facts, having resolved that issue in favor of appellant, its determination should not have been disturbed. Concur — Stevens, J. P., Eager, Tilzer, McGivern and Rabin, JJ.

■ JUDITH A. BROWN, Respondent-Appellant, v. BARRY K. BROWN, Appellant-Respondent.— Interlocutory judgment, dated May 7, 1968, in favor of plaintiff in this matrimonial action, unanimously modified, on the law and the facts, without costs or disbursements, by striking therefrom the provisions respecting custody, alimony and counsel fees and remanding the cause for an immediate trial by Trial Term, limited to the issues of custody, counsel fee and permanent alimony based on the preseparation standard of living of the parties. (*Brownstein v. Brownstein*, 25 A D 2d 205, 208; *Hearst v. Hearst*, 3 A D 2d 706, affd. 3 N Y 2d 967.) There is insufficient proof in the record to base findings on the issues of permanent alimony and counsel fee and there is no proof on which to base custody. In fact, the trial court in effect foreclosed proof on the question of custody. The temporary alimony heretofore granted is ordered continued. In determining the amount of permanent alimony, the Trial Judge is not bound thereby but shall be guided solely by the evidence. Concur — Stevens, J. P., Steuer, Tilzer, Rabin and McNally, JJ.