■ BERKEY PHOTO, INC., et al., Respondents, v. MOVIELAB, INC., Appellant. — Order, Supreme Court, New York County, entered March 25, 1971, denying defendant's motion to vacate or modify plaintiffs' demand for a bill of particulars, unanimously reversed, on the law and the facts, and the motion to vacate the demand is granted, with leave to plaintiffs, if so advised, to serve a proper amended demand. Appellant shall recover of respondents $30 costs and disbursements of this appeal. Plaintiffs served a demand for a bill of particulars consisting of 76 paragraphs requesting minute details, in many respects, of an evidentiary nature concerning the allegations contained in defendant's affirmative defense of fraud. The demand occupies 22 pages of the record, while the defense covers 8 pages. While some of the particulars demanded are proper, many of the items call for evidence or are otherwise objectionable. This court has held that where a demand is unreasonable, overly meticulous and burdensome, it offends the office of a bill of particulars and will be vacated in its entirety. (*Winterstein* v. *Mautner*, 284 App. Div. 962; *Universal Metal Prods. Co.* v. *De-Mornay Budd*, 275 App. Div. 575; *American Mint Corp.* v. *Ex-Lax, Inc.*, 260 App. Div. 576, 577.) A bill of particulars serves the purpose of amplifying a pleading, of limiting the proof and preventing surprise at the trial. The demand herein is "unreasonably burdensome, far reaching and oppressive" (*Vicidomini* v. *State of New York*, 21 A D 2d 837). "The remedy, under the circumstances, is not successive prunings of the demand by Special Term and this court by eliminating some items and portions of others, but rather a vacatur of the entire demand". (*Carroad* v. *Regensburg*, 17 A D 2d 734.) Concur — McGivern, J. P., Nunez, Murphy, Tilzer and Eager, JJ.