■ ALFRED A. BRUGMAN et al., Doing Business as FRED'S BICYCLE SHOP, Respondents, v. COUNTY OF NASSAU, Defendant, and DAVIS CONSTRUCTION CORPORATION, Appellant.— In an action to recover damages suffered by plaintiffs as a result of the alleged negligence of defendants in performing construction work on Lido Boulevard in Nassau County in such manner as to result in a loss of customers to plaintiffs, ultimately causing them to terminate their business, defendant Davis Construction Corporation appeals from an order of the Supreme Court, Nassau County, dated June 7, 1972, which denied its motion for an order of preclusion or, in the alternative, directing plaintiffs to furnish a further bill of particulars as to 16 items of a 40-item demand. Order modified by adding thereto, immediately after the decretal provision that the motion "is denied", the following: ".except that it is granted to the following extent: within five days after an examination before trial of defendant Davis Construction Corporation, plaintiffs are directed to serve a further bill of particulars with respect to items 2(b), 3(f), 3(k), 3(l), 4(b), 7(c), and 9(d) as to the income tax return for 1970; and if, following the examination before

trial of said defendant, plaintiffs are still without knowledge of certain facts known to said defendant and required to be set forth in plaintiffs' bill of particulars, they shall so state in such further bill." As so modified, order affirmed, with $20 costs and disbursements to plaintiffs. Item 7(c), requesting the names of the patrons of plaintiffs' business who were unable to pass along the streets and highways in order to come to plaintiffs' store, should be granted. While, generally, a demand to name prospective witnesses does not fall within the category of those individuals whose names would be available through a bill of particulars (see *Hayes* v. *Utica Mut. Ins. Co.*, 24 A D 2d 829), still, where the claim is for loss of customers, the names of such customers may be required to be given, notwithstanding that this amounts to disclosure of a party's witnesses, the purpose being to avoid surprise at trial (*Elman* v. *Ziegfeld*, 200 App. Div. 494, 498). (Cf. *Zellman* v. *Metropolitan Transp. Auth.*, 40 A D 2d 248.) Plaintiffs are required to specify the statutes, ordinances and laws which they claim were violated (item 3[f]) (*Sacks* v. *Town of Thompson*, 33 A D 2d 627; and authorities there cited). Plaintiffs should serve upon appellant a copy of their income tax returns for 1970 (item 9[d]). However, a request for a monetary breakdown of the damages claimed (item 9[c]) is palpably improper in a demand for a bill of particulars, where only general damages are claimed (*Le Vine* v. *Reuben*, 32 A D 2d 553; *Arett Sales Corp.* v. *Island Garden Center of Queens*, 25 A D 2d 546). As to the requested items concerning which we are not herein directing particulars to be furnished, we deem the particulars given in plaintiffs' original bill of particulars to be adequate responses to the demand. Any further amplification of the pleadings and limitation of proof, so as to avoid surprise at trial (*Sacks* v. *Town of Thompson, supra*; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.03), may be accomplished through examinations before trial. Martuscello, Acting P. J., Latham, Shapiro and Brennan, JJ., concur.