■ STATE OF NEW YORK, Appellant, v. BRIDGEHAMPTON ROAD RACES CORP., Defendant, and BRIDGEHAMPTON RACING GROUP, INC., et al., Respondents.— In an action for injunctive relief, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, dated March 30, 1973, as, upon reargument, adhered to the original decision denying plaintiff's prior motion to vacate separate demands by defendants Bridgehampton Racing Group, Inc., and Sports Car Club of America, Inc., for bills of particulars. Order modified by inserting therein, immediately after the provision that " the Court adheres to its original decision ", the following: " except that plaintiff's original motion is granted to the extent of vacating Item No. 1 of the demand of defendant Sports Car Club of America, Inc., and Items Nos. 2, 3, 4, 5, 6, 7 and 8 of the demand of defendant Bridgehampton Racing Group, Inc." As so modified, order affirmed insofar as appealed from, with one bill of $20 costs and disbursements to appellant against respondents jointly. This action is for a mandatory injunction restraining the maintenance of a public nuisance consisting of the emission of loud and disagreeable noises from unmuffled vehicles operating at a Bridgehampton, Long Island, automotive racetrack. Respondents served demands for bills of particulars which requested, *inter alia*, the names of those residents adjoining the drag strip and numerous details concerning them, including the nature of any alleged injury, loss of real property value, etc., and the dates and times of the races. Respondents also requested the details concerning plaintiff's means of measuring the noise level and any reports measuring it. Special Term denied plaintiff's original motion to vacate the demands by characterizing the suit as a " quasi-class " action.

Special Term further noted that, had the adjoining owners instituted an action in their own names, they would have been obligated to supply this information, and the court perceived "no reason why the mechanical rule prohibiting witness disclosure in a bill of particulars should be followed in this case." The real party in interest in this action is the People. The Attorney-General, therefore, instituted this action as *parens patriae* of those individuals who have been or will be injured by the alleged public nuisance. The names of the individual residents, and the attendant details concerning injury, property values, etc., are not significant at this stage of the case. Additionally, names of prospective witnesses are not disclosable except in special and unusual circumstances. Likewise, the information which the Attorney-General may possess in its file may be aptly described as material prepared for litigation (*People v. Volkswagen of Amer.*, 41 A D 2d 827). Respondents have not exemplified, at this time, any special or unusual circumstances to warrant the disclosure.

Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.