■ DONNA SOMMA et al., Appellants, v SEARS, ROEBUCK AND COMPANY et al., Respondents.—Order, Supreme Court, New York County, entered February 5, 1975, granting defendant's motion to modify plaintiff's demand for a bill of particulars and denying plaintiff's cross motion to strike or modify defendant's demand for a bill of particulars, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of striking plaintiff's demand in its entirety, striking items numbered 2 and 20 of defendant's demand, and deleting the word "exact" from items numbered 1 and 3 of defendant's demand, and otherwise affirmed, without costs or disbursements. Plaintiffs have leave, if so advised, to serve a proper, amended demand for a bill of particulars. The function of a bill of particulars is to amplify the pleadings and not to afford evidentiary material *(Dommerich & Co. v Diener & Dorskind,* 31 AD2d 516; *Vicidomini v State of New York,* 21 AD2d 837). The complaint contains 44 separate paragraphs requiring amplification and clarification. The defendants' answer, other than the denials and admissions related to the paragraphs in the complaint, also

contains a single affirmative defense three paragraphs in length. Under the circumstances, we find that plaintiff's demand for a bill of particulars containing 22 separately numbered items, ostensibly to amplify and clarify the three-paragraph affirmative defense, to be palpably improper and onerous. It should have been stricken *(Berkey Photo v Movielab, Inc.,* 37 AD2d 549; *Carroad v Regensburg,* 17 AD2d 734). Defendant's demand, on the other hand, does serve the function of amplifying the complaint served. We merely note that the term "exact" in items numbered 1 and 3 should be deleted. Furthermore, items numbered 2 and 20 requesting evidentiary material and material upon which the defendant has the burden of proof are not properly part of a bill of particulars and should be stricken. Concur —Kupferman, J. P., Birns, Capozzoli, Lane and Yesawich, JJ.