■ ROBERT LEEPONIS et al., Respondents, v GARCY CORPORATION et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, defendants appeal from an order of the Supreme Court, Queens County, dated October 13, 1977, which (1) granted plaintiffs' motion for a protective order and (2) denied defendants' cross motion to dismiss the causes of action asserted in the complaint and to compel answers to interrogatories. Order modified by deleting so much thereof as (1) strikes Interrogatories Nos. 9a, 9b, 12a, and 12b and (2) provides that the cross motion is denied in all respects and by substituting therefor a provision that the cross motion is granted only to the extent that plaintiffs are directed to comply with Interrogatories Nos. 9a, 9b, 12a and 12b. As so modified, order

affirmed, without costs or disbursements. The time within which plaintiffs must respond to the interrogatories above described is extended until 20 days after entry of the order to be made hereon. Plaintiffs' first and third causes of action sufficiently allege the elements of a cause of action for breach of contract and therefore may not be dismissed. However, it was an improvident exercise of discretion to strike those interrogatories which requested an itemization of actual damages and supporting documents (see *Canocchioli v Ruppert,* 9 AD2d 765). Although a request for a monetary breakdown of the damages claimed is improper in a demand for a bill of particulars where only general damages are claimed *(Brugman v County of Nassau,* 41 AD2d 653), the scope of interrogatories is defined by CPLR 3131 to encompass the liberal disclosure requirement of CPLR 3101 (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Hopkins, J. P., Suozzi, Margett and Hawkins, JJ., concur.