■ JOHN H. JOHNSON et al., Appellants, v ARNOLD CHAROW et al., Respondents.—In a medical malpractice action, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Westchester County, dated October 5, 1977 as (a) denied the branch of their motion which sought a protective order relative to disclosure and (b) directed them to serve a verified bill of particulars in compliance with defendants' demands, (2) a further order of the same court, dated October 28, 1977, which fixed November 30, 1977 as the date for the deposition of defendants and (3) a third order of the same court, dated November 28, 1977, which stayed the deposition of defendants pending this appeal. Order dated October 5, 1977 modified (A) by deleting the paragraph thereof numbered (1) and substituting therefor provisions (1) as to defendant Charow's demand for a bill of particulars: (a) striking Items Nos. 3, 4, 9, 11, 12, 21 and both items numbered 22; (b) deleting from Item No. 2 subdivisions a through i, inclusive; (c) deleting from Item No. 10 the words "manuals, rules and regulations"; and (d) limiting the demand in Item No. 13 to a statement of whether any claim is made that defendants failed to obtain plaintiffs' informed consent; and (2) as to defendant Mount Vernon Hospital's demand for a bill of particulars: (a) striking Items Nos. 8, 10 and 11; and (b) deleting from Item No. 3 the words "and the approximate hours on such days"; and (B) by adding thereto, immediately after paragraph numbered (2), a provision that plaintiffs may schedule the deposition of defendants after service of the bills of particulars. As so modified, said order affirmed. The plaintiffs shall serve verified bills of particulars upon the defendants within 20 days after entry of the order to be made hereon. Appeals from the orders dated October 28, 1977 and November 28, 1977 dismissed as academic. Plaintiffs are awarded one bill of $50 costs and disbursements payable jointly by respondents to cover all appeals. The items which have been modified or stricken request information which is not expressly authorized by CPLR 3043. In addition, much of the matter requested is irrelevant and evidentiary in nature and, as such, beyond the scope of a bill of particulars (see *Palazzo v Abbate*, 45 AD2d 760; *Cirelli v Victory Mem. Hosp.*, 45 AD2d 856; *Berkey Photo v Movielab*, 37 AD2d 549). This court has noted an unfortunate trend toward the service of "boiler-plate" demands for bills of particulars, especially in negligence actions, containing, as in the case at bar, many paragraphs bearing no relationship to the causes of action pleaded (e.g., paragraphs properly addressed to breach of warranty and wrongful death

causes in nondeath, medical malpractice actions). We disapprove of this practice as it adds unnecessarily to the work of our already overburdened courts and the legal profession by requiring the making of, and passing upon, motions to strike such improper matter. Latham, J. P., Rabin, Gulotta and O'Connor, JJ., concur.