■ ELSIE NAZARIO, Appellant, v SOL FROMCHUCK, Respondent. — In a personal injury action stemming from plaintiff allegedly being attacked and bitten by a dog owned by defendant, plaintiff appeals from an order of the

Supreme Court, Kings County (Bellard, J.), entered April 6, 1982, which denied her motion for a protective order vacating defendant's entire demand for a bill of particulars. Order reversed, with $50 costs and disbursements, and motion granted, without prejudice to defendant's service of a proper demand for a bill of particulars. Defendant served a demand for a bill of particulars consisting of 18 paragraphs, and more than 60 separate requests. While some of the particulars demanded are proper, many of the others call for evidentiary material (see *Berkey Photo v Movielab, Inc.*, 37 AD2d 549), and material upon which the defendant has the burden of proof (see *Somma v Sears, Roebuck & Co.*, 52 AD2d 784). Defendant's demand for the names and addresses of witnesses to the incident is also improper since there has been no showing of special and unusual circumstances to warrant such disclosure at this time (see *State of New York v Bridgehampton Road Races Corp.*, 44 AD2d 725; *Brill v Chien Yuan Kao*, 61 AD2d 1000). In addition defendant's demand for a breakdown of the general damages claimed by plaintiff is also improper (see *Leeponis v Garcy Corp.*, 61 AD2d 1040, 1041; *Brugman v County of Nassau*, 41 AD2d 653). In view of the foregoing, we believe the demand is unduly burdensome and oppressive. Under these circumstances the remedy is not a pruning of the demand either by Special Term or this court, but rather vacatur of the entire demand (see *Berkey Photo v Movielab, Inc., supra; Somma v Sears, Roebuck & Co., supra; Montauk Improvement v Town of East Hampton*, 43 AD2d 973). It is the duty of defendant's attorney to assume the burden of serving a proper demand and it is not for the courts to attempt correction of a " 'palpably bad one' " (see *Montauk Improvement v Town of East Hampton, supra*). Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.