■ VIRGINIA C. MEDARIS, Respondent, v LEE F. VOSBURGH et al., Defendants, and BRUCE R. HEINZEN et al., Appellants. — In a medical malpractice action to recover damages for personal injuries, defendants Heinzen, Anderson, and North Shore University Hospital appeal from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated March 23, 1982, which denied their motion for an order pursuant to CPLR 3124 to compel plaintiff to serve answers to their interrogatories numbered 49 through 64, or in the alternative, to preclude plaintiff from introducing at trial any evidence with respect to the subject matter of those interrogatories. Order reversed, without costs or disbursements, and motion granted to the extent that plaintiff is directed to provide answers to appellants' interrogatories numbered 49 through 64. Plaintiff is directed to serve her answers to said interrogatories within 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. In the instant medical malpractice action, the appellants served a set of interrogatories upon plaintiff on July 17, 1981, two days after service of appellants' answer. Plaintiff answered the interrogatories on November 5, 1981 but in response to interrogatories numbered 49 through 64, plaintiff wrote: "49.-64. Unknown to me at this time. I am, therefore, unable to answer the questions". Thereafter, on January 18, 1982, appellants moved pursuant to CPLR 3124 to compel plaintiff to answer interrogatories 49 through 64 or, alternatively, to preclude plaintiff from offering evidence at trial as to those matters covered by "those interrogatories served but inadequately answered". In denying appellants motion in its entirety, Special Term held, *inter alia,* that: "The questions put to plaintiff in the interrogatories 49-64 do not ask for facts but opinions and amplifications of the allegations of negligence. Thus, plaintiff, not being a doctor or lawyer, is not possessed of the knowledge to respond * * * Many of movants' interrogatories (52-64) if put to plaintiff upon an oral deposition would be objectionable, as they do not seek facts but opinions." We disagree with the holding of Special Term. Initially, it must be noted that plaintiff failed to move to strike the interrogatories numbered 49 through 64 within 10 days after they were served upon her. CPLR 3133 (subd [a]) specifically provides: "(a) When objection may be made. Within ten days after service of interrogatories, the party upon whom they are served may move upon notice to strike out any interrogatory, stating the grounds for objection." Since plaintiff failed to make timely objection to the interrogatories in question, appellants' motion should have been granted (*Newark-Wayne Community Hosp. v Cleaver-Brooks, Inc.,* 59 AD2d 821; *Galvan v County of Nassau,* 85 AD2d 620; *Hassell v County of Nassau,* 86 AD2d 859; *Silva v County of Nassau,* 86 AD2d 864). In any event, appellants' interrogatories 49 through 64 were proper. The "purpose of serving interrogatories is to secure evidence" (*Lubell v Work Wear Corp.,* 82 Misc 2d 1000, 1002). CPLR 3131 states that "[i]nterrogatories may relate to any matters embraced in the disclosure requirement of section 3101 and the answers may be used to the same extent as the depositions of a party." CPLR 3101 (subd [a]) declares that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action" (see, also, *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). In this regard, we again take the opportunity to note that the purpose of interrogatories is distinct from that of a bill of particulars. While interrogatories seek evidentiary matter, the scope of a bill of particulars is merely "to amplify the pleadings, limit the proof and prevent surprise at the trial" (*Patterson v Jewish Hosp. & Med. Center of Brooklyn,* 94 Misc 2d 680, 682, affd 65 AD2d 553). Indeed, interrogatories 49 through 64 are virtually identical to those items which in the past have been stricken from demands for bills of particulars precisely because they sought evidentiary material and

went beyond the limited scope of a bill of particulars (*Patterson v Jewish Hosp. & Med. Center of Brooklyn, supra; Palazzo v Abbate,* 45 AD2d 760, 761; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; *Johnson v Charow,* 63 AD2d 668). Moreover, in several recent cases this court has upheld the propriety of interrogatories virtually identical to those at bar and has specifically rejected the argument by the plaintiffs therein that the interrogatories improperly sought expert medical opinion, rather than evidentiary material (*Galvan v County of Nassau, supra; Hassell v County of Nassau, supra; Silva v County of Nassau, supra*). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.