■ HOWARD HOLLAND et al., Respondents, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Tait, Jr., J.), entered February 24, 1983 in Delaware County, which granted a motion by plaintiffs to strike certain specific demands in a demand for a bill of particulars served by defendant. ¶ Plaintiffs commenced this action to recover on a homeowners' insurance policy issued to them by defendant for damages suffered in a fire which occurred at their home in December of 1981. After issue was joined, defendant served a demand for a bill of particulars with nine specific demands. Plaintiffs moved to strike demands 2 through 7 and 9. Special Term granted the motion and this appeal ensued. ¶ This appeal involves two principles of law regarding bills of particulars: a party need particularize only as to those issues upon which it has the burden of proof (*Bounds v Mutual of Omaha Ins. Co.*, 37 AD2d 1008), and the function of a bill of particulars is not to provide evidentiary material, but to amplify the pleading (*Somma v Sears, Roebuck & Co.*, 52 AD2d 784). ¶ Here, demand 2 seeks the cause and origin of the loss alleged in the complaint. Special Term held that, since defendant raised the issue of the relevance of the cause or origin of the fire, it has the burden of proof on that issue and plaintiff need not particularize as to such issue. We disagree. It may well be that defendant is not entitled to a scientific analysis of the cause of the fire, if such knowledge is even available to plaintiffs. Defendant is nevertheless entitled to something more than "on December 21, 1981, the plaintiffs' dwelling and premises were severely damaged and partially destroyed by fire", the description provided in the complaint. Defendant is entitled to at least the best of plaintiffs' knowledge regarding the time, location and extent of the fire (see *Whirl Knits v Adler Business Machs.*, 54 AD2d 760). ¶ Demands 3 through 7 seek specifics regarding the personal property, portions of the buildings and items repaired which plaintiffs claim to have been damaged in the fire, including the value, date purchased and purchase price. Items of general damages need not normally be particularized (*Brugman v County of Nassau*, 41 AD2d 653). Since, however, plaintiffs claim that certain items of personal property, as well as the house, were damaged and since they have the burden of proof to show a loss covered by the policy, they should be required to particularize those items of property which they claim were damaged. Plaintiffs need not, however, at this stage provide details such as dates of purchase, purchase price, value of the house or personal property or the specific portions of the house which were destroyed. These matters are evidentiary and are most properly the subject of disclosure. ¶ In conclusion, plaintiffs should be required to answer all of demand 2 and demand 3 to the extent of listing the items of personal property which they are claiming were destroyed. The remaining demands which were the subject of plaintiffs' motion were properly stricken. ¶ Order modified, on the law, by reversing so much thereof as struck all of demand 2 and demand 3 to the extent that it seeks an itemized statement of each and every item of contents, equipment, fixtures, furnishings, supplies and all other personal property lost, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.