■ MARK GINSBERG, Appellant, v SARA J. GINSBERG, Respondent. — In a matrimonial action, the plaintiff husband appeals from (1) an order of the Supreme Court, Nassau County (Kelly, J.), dated October 18, 1983, which denied his motion to vacate the defendant wife's demand for a bill of particulars, and (2) an order of the same court, dated November 30, 1983, which denied his motion which was, in effect, for reargument.

Appeal from the order dated November 30, 1983 dismissed. Although plaintiff designated his motion as one for reargument and renewal, the motion alleged no new or additional facts which were not before Special Term on the prior motion. Therefore, the motion was, in fact, a motion to reargue, and no appeal lies from an order denying such a motion (*Wright v General Motors Corp.,* 96 AD2d 510).

Order dated October 18, 1983 reversed, motion granted and defendant's demand for a bill of particulars vacated.

Plaintiff is awarded one bill of costs.

This is an action by plaintiff husband for a conversion divorce based upon a prior judgment of separation, which judgment had awarded custody of the parties' infant child to the wife. The complaint demanded certain ancillary relief including, *inter alia,* custody of the child, a downward modification of alimony and child support and an award of counsel fees. Defendant's answer generally denied the allegations of the complaint and interposed certain counterclaims. In his reply, plaintiff denied the allegations of the counterclaims and raised affirmative defenses with respect to certain of the counterclaims including, *inter alia,* failure to state a cause of action, collateral estoppel and the Statute of Limitations.

Defendant thereafter served a demand for a bill of particulars. The demand called upon plaintiff to state each circumstance or condition alleged by him to provide a basis for awarding custody, downward modification of alimony and child support and attorney's fees to him. Further, the demand called upon plaintiff to

provide, with respect to each such circumstance or condition, the date, time and place of occurrence; the names, addresses and telephone numbers of persons who observed the occurrence; any writings or photographs made in connection with the occurrence; and a complete description of the occurrence. In addition, plaintiff was asked to state whether each such circumstance or condition had existed on or before the date custody was awarded to defendant; whether each such circumstance or condition had subsequently changed; whether each such circumstance or condition had been the subject of a judicial proceeding and, if so, the court in which such proceeding had taken place, the date thereof, and the final determination made therein; and whether notice of each such circumstance or condition or each such change had been given to defendant. Also, plaintiff was asked to describe and provide copies of all writings, photographs, transcripts and recordings to be relied on by plaintiff at the trial of the action. Finally, the demand called upon plaintiff to state the basis upon which he was asserting the affirmative defenses to defendant's counterclaims.

Plaintiff then moved pursuant to CPLR 3042 (subd [a]) for an order vacating the demand for particulars. By order dated October 18, 1983, Special Term denied the motion, holding that all disclosure devices, as well as bills of particulars, could be used to obtain discovery on all issues raised in matrimonial actions. On appeal from that order plaintiff contends: (1) that a bill of particulars cannot be demanded regarding custody issues in a matrimonial action; and (2) that the demand herein was overbroad, unduly burdensome and called for information beyond the proper scope of a bill of particulars. We agree as to both contentions, and we therefore reverse the order dated October 18, 1983 and grant plaintiff's motion to vacate the demand for a bill of particulars.

The compulsory financial disclosure provision of the Equitable Distribution Law (Domestic Relations Law, § 236, part B, subd 4) evinces a legislative intent that both parties to a matrimonial action give full financial disclosure, which includes the use of any appropriate device authorized in CPLR article 31 (*Colella v Colella,* 99 AD2d 794; *Garrel v Garrel,* 59 AD2d 885). However, the enactment of a compulsory financial disclosure statute did not alter the long-standing prohibition against pretrial discovery of information concerning the merits of a matrimonial action (*Billet v Billet,* 53 AD2d 564; see, also, *Rubin v Rubin,* 73 AD2d 148, 151-152; *Anonymous v Anonymous,* 71 AD2d 209, 213-214). Accordingly, the demand for a bill of particulars, insofar as it seeks disclosure on the merits of this

action, including the question of child custody, must be vacated (*P. v P.,* 93 Misc 2d 704).

Moreover, the purpose of a bill of particulars is " 'to amplify the pleadings, limit the proof and prevent surprise at the trial' " (*Medaris v Vosburgh,* 93 AD2d 882, citing *Patterson v Jewish Hosp. & Med. Center,* 94 Misc 2d 680, 682, affd 65 AD2d 553). Unlike the disclosure devices authorized in CPLR article 31, a bill of particulars is of limited scope and may not be used to obtain evidentiary material (*Medaris v Vosburgh, supra;* see, also, *Nazario v Fromchuck,* 90 AD2d 483). In this case, the particulars demanded by defendant go far beyond a mere amplification of the pleadings and are clearly evidentiary in nature. Defendant improperly sought (1) to obtain names and addresses of witnesses without a showing of special circumstances (*Nazario v Fromchuck, supra; State of New York v Bridgehampton Rd. Races Corp.,* 44 AD2d 725), (2) discovery and inspection of documentary and physical evidence (*Matter of Rakov v Gingold,* 23 Misc 2d 725), (3) matters upon which she had the burden of proof (*Nazario v Fromchuck, supra; Matter of Wolf,* 67 AD2d 930), and (4) the grounds of plaintiff's legal arguments (*Bisceglie v Bell Container Corp.,* 32 Misc 2d 440). Thus, even if the particulars sought did not pertain to the merits of a matrimonial action, we would nevertheless vacate the demand in its entirety as being unduly burdensome and oppressive (see *Nazario v Fromchuck, supra*). Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.