■ Ross Di Lorenzo, Appellant, v John B. Ellison, Respondent, et al., Defendant.—In a medical malpractice action, plaintiff appeals (1) from an order of the Supreme Court, Orange County (Gurahian, J.), dated June 14, 1984, which conditionally granted defendant Ellison's motion to preclude plaintiff from offering evidence as to those items in defendant Ellison's demand for a bill of particulars for which allegedly inadequate answers were given, and (2) from an order of the same court (Isseks, J.), dated November 29, 1984, which granted defendant Ellison's motion for final preclusion as to the stated items.

Appeal from the order dated June 14, 1984 dismissed. That order was superseded by the order dated November 29, 1984.

Order dated November 29, 1984 reversed, order dated June 14, 1984 vacated, and defendant Ellison's motion is granted only to the following extent: Plaintiff is required to submit a further bill of particulars as to items 8, 10 and 13 (f); said further bill of particulars is to be served within 30 days after service upon plaintiff of a copy of the order to be entered hereon, with notice of entry; the reservation clause of item 9 is stricken; and plaintiff is directed to serve a supplemental bill of particulars as to items 7 and 19 after completion of pretrial examinations or after expiration of a reasonable time to complete such examinations, with leave to defendant Ellison to renew his motion to preclude as to items 7 and 19 should plaintiff fail to comply.

Plaintiff is awarded one bill of costs.

It is well settled that the object of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial (Bergman v General Motors Corp., 74 AD2d 886). It should not function to provide evidentiary material (Somma v Sears, Roebuck & Co., 52 AD2d 784).

We have reviewed defendant Ellison's contentions with respect to items 2, 3, 13 (b) and 14 (c) of the bill of particulars and find them to be without merit. However, the responses to items 8, 10 and 13 (f) were so overbroad and lacking in information that they failed to give the court and the parties

proper notice of plaintiff's claims. Furthermore, the reservation clause in item 9 was improper. Although the plaintiff in a medical malpractice action is often less likely than the defendant to have the knowledge needed to fully respond to a particular demand, a concerted effort to address the demand with specificity is required *(Cirelli v Victory Mem. Hosp.,* 45 AD2d 856).

In addition, plaintiff in the instant case is entitled to an opportunity to respond to items 7 and 19 after completion of pretrial examinations.

Since the majority of the particulars sought in defendant Ellison's demand were furnished by plaintiff and were adequate, plaintiff should not, at this early stage in the litigation, be precluded from offering evidence regarding the claimed negligence and medical malpractice of defendant Ellison. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.