■ ESSAM EL ADAWY, Appellant, v NEW YORK AUTOMOTIVE CENTER, Respondent.—In an action, *inter alia,* to cancel a lien, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Beisner, J.), dated August 3, 1985, which, *inter alia,* dismissed the action and (2) from an order of the same court, dated November 6, 1985, which denied his motion for reargument.

Ordered that the appeal from the order dated November 6, 1985, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 3, 1985, is modified by deleting those provisions which dismissed the action and imposed $50 costs upon the plaintiff and substituting therefor a provision converting the plaintiff's plenary action into a special proceeding pursuant to Lien Law § 201-a to determine the validity of a lien; as so modified, the order dated August 3, 1985, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

Special Term erred in dismissing this matter because it was improperly commenced as an action rather than a proceeding. Under the facts of this case, the court should have ordered that the plenary action be converted into a special proceeding *(see,* CPLR 103 [c]; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 653).

We have considered the plaintiff's other argument and find it to be without merit *(see, Dommerich & Co. v Diener & Dorskind,* 31 AD2d 516). Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.