■ LARRY HAVENS et al., Appellants, v CARL TUCKER, Doing Business as C & R CONSTRUCTION COMPANY, et al., Defendants, and MARSHALL BARRETT CONSTRUCTION COMPANY, INC., Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered December 30, 1986 in Warren County, which partially granted a motion by defendant Marshall Barrett Construction Company, Inc., compelling plaintiffs to provide a further bill of particulars.

Plaintiffs brought suit to recover damages for breach of a contract to reconstruct and renovate their home. Dissatisfied with plaintiffs' response to its demand for a bill of particulars, defendant Marshall Barrett Construction Company, Inc. (hereinafter Marshall), one of three defendants alleged to have been engaged in the construction work, moved for a further

bill of particulars. Plaintiffs' appeal from that aspect of Supreme Court's order directing them to provide further particulars as to items Nos. 12, 13, 16, 20, 21 and 22 is well taken, for insofar as these demands have not already been answered, they call for evidentiary information, matter that is more properly the subject of disclosure *(see, Clark v Vicinanzo,* 108 AD2d 984, 985; *Holland v St. Paul Fire & Mar. Ins. Co.,* 101 AD2d 625). A bill of particulars does not serve that function; its purpose is to amplify pleadings, limit proof and prevent surprise at trial *(McLaughlin v Charles,* 91 AD2d 1119).

As for item No. 11, plaintiffs represent that the items of expense which they will incur in the future to replace the alleged damage and destruction caused by Marshall's negligence and unworkmanlike performance is unascertainable at this time. However, the order to be entered hereon should provide that when that information becomes available and, in any event, at a reasonable time before the trial of this action is had, plaintiffs shall furnish that information to Marshall.

Since general damages are sought, demand item No. 18 calling upon plaintiffs to itemize their claimed damages of $250,000 need not be answered *(see, Brugman v County of Nassau,* 41 AD2d 653, 654; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3041.16, at 30-753).

Order modified, on the law, without costs, by reversing so much thereof as granted the motion with respect to items Nos. 11, 12, 13, 16, 18, 20, 21 and 22; motion denied with respect to said items, and plaintiffs are directed to furnish a further bill of particulars with respect to item No. 11 in accordance with this court's decision; and, as so modified, affirmed. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.