◼ FATOLLAH HEMATIAN et al., Respondents, v BYUNG WHA YOO, Defendant, and ROOSEVELT EQUITIES CORP., Appellant.— In an action to permanently enjoin the defendants from commencing an action for the specific performance of a contract between the parties for the sale of real property, which was consolidated with an action by the defendant Roosevelt Equities Corp. for specific performance of that contract, the defendant Roosevelt Equities Corp. appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated May 26, 1988, as (1) permanently enjoined it from maintaining an action for specific performance of the parties' contract dated June 9, 1987, (2) granted the plaintiffs' motion to dismiss the complaint of Roosevelt Equities Corp., and (3) vacated the notice of pendency filed by Roosevelt Equities Corp. against the plaintiffs' property.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 1987 the plaintiffs, as sellers, entered into a contract with the defendant Byung Wha Yoo, as buyer, for the sale of the premises located at 117-01 84th Avenue, Richmond Hill, New York. In the contract of sale, the plaintiffs repre-

sented that the subject premises was "a legal one/two family dwelling" and that two tenants occupied the first and second floors of the premises. According to the terms of the contract, in the event the sellers "willfully default[ed]" in the performance of their contractual obligations and failed to close title in accordance with the contract, the purchaser's remedy was limited to an action at law for damages. Additionally, paragraph 8 of the rider to the contract provided that "[s]ellers shall not be obligated to bring any action or proceeding or otherwise incur any expense to remove any objection, obtain a certificate of occupancy or certificate of completion, or defect in title or to enable sellers otherwise to comply with the provisions of this contract if the cost to do so exceeds $500". Subsequent to the execution of the aforesaid contract, the defendant Yoo assigned his rights thereunder to the defendant Roosevelt Equities Corp. (hereinafter Roosevelt).

At some time prior to or at the scheduled closing of the contract, Roosevelt became aware of the fact that the certificate of occupancy for the demised premises authorized the use of the property as a one-family dwelling and a professional office. At the closing, Roosevelt demanded that the plaintiffs execute a sworn statement attesting to the legal status of the two tenants currently residing on the premises or to represent to Roosevelt that they would evict the illegal tenant from the premises pursuant to paragraph 8 of the rider to the contract. The plaintiffs refused to comply with Roosevelt's request, claiming that they were not contractually obligated to do so. As a result, Roosevelt refused to close on the contract. When Roosevelt's subsequent requests that the plaintiffs cure the violations on the property proved unsuccessful, Roosevelt indicated its intention to seek specific performance of the contract.

The plaintiffs moved pursuant to CPLR 6301 to preliminarily enjoin Roosevelt from commencing an action for specific performance and from filing a lis pendens against the demised premises. While the motion was pending, Roosevelt filed a lis pendens against the property and commenced an action for specific performance. In its complaint, Roosevelt asserted that the sellers willfully misrepresented the legal status of the tenants occupying the demised premises to the defendant Yoo at the time the contract of sale was executed and that Roosevelt relied on those misrepresentations when it accepted the assignment of the contract from Yoo. Roosevelt further asserted that were it not for the plaintiffs' misrepresentations regarding the legal status of the tenancies in question, the

defendant Yoo would not have executed the contract and Roosevelt would not have accepted the assignment thereof. Additionally, Roosevelt alleged that the sellers were obligated to cure the violation of the certificate of occupancy under the express terms of paragraph 8 of the rider to the contract. Following service of Roosevelt's summons and complaint, the sellers moved to vacate the lis pendens and to dismiss the complaint.

The Supreme Court consolidated the two actions, permanently enjoined Roosevelt from pursuing an action for specific performance, without prejudice to commencement of an action for money damages, and vacated the lis pendens filed against the subject premises. The Supreme Court concluded that under the terms of the parties' contract, Roosevelt's remedy for the plaintiffs' alleged default on the contract was limited solely to an action to recover monetary damages.

On appeal, Roosevelt contends that the Supreme Court erred in dismissing its action for specific performance in view of its allegations of fraud. We disagree. Assuming Roosevelt adequately pleaded a cause of action for fraud based upon the plaintiffs' alleged misrepresentations concerning the legal status of their tenants, the parties' agreement would be vitiated based on fraud in the inducement of the contract *(see, Bridger v Goldsmith,* 143 NY 424; 22 NY Jur 2d, Contracts, § 471) and Roosevelt's remedy would be to recover monetary damages therefor. Similarly, Roosevelt's contention that it was entitled to specific performance because the plaintiffs acted in bad faith by failing to cure the violation of the certificate of occupancy for the demised premises as required by paragraph 8 of the rider to the parties' contract is also without merit. The terms of the parties' contract expressly provided that in the event of a willful default on the part of the plaintiffs, the buyer's remedy would be limited to an action at law for monetary damages. In view thereof, the Supreme Court acted properly in dismissing Roosevelt's complaint for specific performance. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.