■ LYNN CHRYS, Respondent, v D.C.G. DEVELOPMENT COMPANY et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered December 9, 1991 in Schenectady County, which granted plaintiff's motion for a preliminary injunction.

In September 1988, plaintiff leased a laundromat from defendant D.C.G. Development Company (hereinafter DCG). Under the written lease agreement, DCG expressly covenanted not to lease or operate another coin-operated laundry which was "open to the public" within a one-mile radius of plaintiff's laundromat. The gravamen of the complaint herein is that, allegedly, defendants also orally promised plaintiff that they would not install coin-operated washers and dryers in the nearby apartment complex that DCG was then constructing. Subsequently, however, DCG had coin-operated washers and dryers installed in the apartment complex for use by its tenants. Plaintiff then brought this action against defendants alleging, *inter alia,* breach of contract and fraud in the inducement, and seeking injunctive relief and damages. Supreme Court granted plaintiff's application for a preliminary injunction during the pendency of the underlying action, conditioned upon an undertaking by plaintiff. Defendants now appeal from Supreme Court's order.

On the record before us, we conclude that Supreme Court erred in ruling that plaintiff sustained her burden of establishing a sufficient likelihood of success on the merits to warrant the grant of a preliminary injunction *(see, Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306; *Picotte Realty v Gallery of Homes,* 66 AD2d 978). We agree with Supreme Court that it is doubtful that plaintiff will be able to sustain her burden, under her breach of contract claim, of establishing that DCG was operating a laundry facility which was *open to the public* within the meaning of the lease, by installing coin-operated laundry machines for the exclusive use of its tenants in the apartment complex.

In our view, plaintiff has also not shown a sufficiently clear right to equitable relief as to her fraud in the inducement cause of action so as to entitle her to a preliminary injunction (see, Picotte Realty v Gallery of Homes, supra). Even if successful, this claim would ordinarily only entitle plaintiff to rescind the contract and obtain damages, but would not entitle her to specific performance of the alleged oral promise (see, Hematian v Byung Wha Yoo, 148 AD2d 675, 677). Moreover, the only indication in the record that defendants had no intention to perform their alleged oral promise at the time it was made, an essential element of a fraud in the inducement claim (see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956), is plaintiff's conclusory allegation in her complaint. This allegation, standing alone, is insufficient to sustain plaintiff's burden of showing a likelihood of success on the merits.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.