■ NASTRO CONTRACTING, INC., Respondent, v JOHN AGUSTA et al., Appellants. [629 NYS2d 848] —Mercure, J. P. Appeal from that part of an order of the Supreme Court (Williams, J.), entered July 25, 1994 in Sullivan County, which partially granted plaintiff's cross motion to dismiss various affirmative defenses and counterclaims asserted by defendants and partially denied defendants' motions for, *inter alia,* orders requiring plaintiff to submit an itemized statement and compelling plaintiff to commence a foreclosure action.

Plaintiff, a construction contractor, filed a mechanic's lien and thereafter commenced this contract action to recover the $10,000 balance allegedly due on two contracts for repairs, remodeling and renovation work on defendants' home and an additional $11,920, alleged to be the reasonable value of extra work performed in connection therewith. Defendants' answer asserted numerous affirmative defenses and counterclaims based upon allegations of culpable conduct and fraudulent inducement, breach of contract, breach of warranty, negligence and wrongful filing and willful exaggeration of the mechanic's lien. Defendants appeal from an order dismissing a number of their affirmative defenses and counterclaims and partially

denying motions to require plaintiff to submit an itemized statement and to compel plaintiff to commence an action to foreclose its asserted mechanic's lien.

Initially, we conclude that Supreme Court properly dismissed defendants' seventh affirmative defense and second and third counterclaims, predicated upon claims that plaintiff's principal, Michael Nastro, made misrepresentations concerning plaintiff's professional ability and false promises that he would personally supervise the work. To the extent that they may be read as alleging fraud in the inducement, these claims constitute either a nonactionable promise to perform a future act (*see, e.g., Colucci v O'Brien*, 204 AD2d 257) or a mere conclusory assertion that plaintiff had no intention of performing the "alleged oral promise at the time it was made" (*Chrys v D.C.G. Dev. Co.*, 187 AD2d 923, 924; *see, Greer Real Estate v Johansen Org.*, 182 AD2d 468). To the extent that the claims allege breach of contract, they are duplicative of defendants' first and fifth counterclaims and, thus, redundant (*see, Iazzetta v Vicenzi*, 200 AD2d 209, 214, *lv dismissed* 85 NY2d 857). Because defendants have advanced no argument concerning the dismissal of their fourth counterclaim, alleging fraud in the inducement, we deem their appeal abandoned in that regard.

Further, Supreme Court correctly dismissed defendants' fourth affirmative defense because a plaintiff's culpable conduct may not be asserted as a defense to an action for breach of contract (*see*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1411:1, at 386; *Schmidt's Wholesale v Miller & Lehman Constr.*, 173 AD2d 1004). Our review of the record discloses no basis for any allegation of tort liability arising out of a breach of contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389). Supreme Court also properly dismissed defendants' seventh and eighth counterclaims because any claims concerning the validity of a mechanic's lien must be raised in an action or proceeding for enforcement thereof (*see*, Lien Law § 39-a; *Goodman v Del-Sa-Co Foods*, 15 NY2d 191, 193-194; *Bevy Contr. v Sinrod*, 188 AD2d 576). Similarly, in view of defendants' failure to comply with the requirements of CPLR 304 and 306-a that they file the order to show cause, obtain an index number and pay the requisite fee, Supreme Court properly dismissed defendants' application pursuant to Lien Law § 59 to require plaintiff to commence an action to enforce its mechanic's lien (*see, De Maria v Smith*, 197 AD2d 114, 116-117).

We agree with defendants, however, that Supreme Court erred in its denial of their motion to vacate plaintiff's demand

for a bill of particulars. In our view, defendants' surviving counterclaims allege only general damages (*see, American List Corp. v U.S. News & World Report*, 75 NY2d 38, 42-43; *Havens v Tucker*, 136 AD2d 814).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion to vacate plaintiff's demand for a bill of particulars; motion granted to that extent; and, as so modified, affirmed.