■ AMERICAN EXPRESS EQUIPMENT FINANCE CORPORATION, Respondent, v HELEN B. MERCADO, Appellant. [824 NYS2d 187]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (McCarthy, J.), entered July 8, 2005 in Ulster County, which, inter alia, denied defendant's motion to compel discovery, and (2) from an order of said court, entered December 1, 2005 in Ulster County, which, upon renewal, adhered to its prior decision.

By a written agreement dated January 8, 2001, defendant, a physical therapist, leased certain medical equipment from plaintiff and agreed to make 60 monthly payments in the amount of approximately $1,680. The payments were made until November 2003 at which time defendant defaulted, prompting the instant action for breach of the lease. Defendant answered and alleged, in substance, that she was defrauded by her employer at the time she signed the lease. Specifically, defendant contends that the total lease payments far exceeded the fair market value of the equipment, that she never in fact received the equipment covered by the lease and that she was, in any event, pressured into signing it because this employer was her sponsor for a permanent United States visa, a document required to permit her to remain in this country legally.

After joinder of issue, defendant served various discovery demands related to plaintiff's business practices generally. Following objections by plaintiff and a defense motion to compel, Supreme Court ultimately granted plaintiff a protective order striking the contested discovery demands as palpably improper. Defendant now appeals from that order and from an order which, upon renewal, adhered to its prior decision. We affirm.

On appeal, defendant argues that the contested discovery demands are relevant to her defense that plaintiff's alleged "lax" business practices evidenced its intent to "assume the risk" of a fraudulent transaction such as that purportedly perpetrated on her. The assumption of risk doctrine as defined under *Turcotte v Fell* (68 NY2d 432 [1986]) is a concept inimitable to tort claims, specifically those arising out of sporting events. Suffice it to say, it has no applicability to a breach of contract cause of action.

Furthermore, defendant's related assertion that she can defend this action based upon the "comparative negligence" of plaintiff is equally contrary to well-settled principles of law,

which expressly preclude a plaintiff's culpable conduct from being asserted as a defense in a breach of contract action (*see Nastro Contr. v Agusta,* 217 AD2d 874, 875 [1995]). While it is theoretically possible that the employer's alleged fraud, if it can be connected to plaintiff in some legally cognizable fashion, might ultimately support a defense of fraudulent inducement (*see United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC,* 22 AD3d 1017, 1019 [2005]; *but see Barrier Sys. v A.F.C. Enters.,* 264 AD2d 432 [1999]), any discovery demands unrelated to the particular transaction at issue are clearly irrelevant.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the orders are affirmed, with costs.