J.S. v Educational Alliance, Inc. (2023 NY Slip Op 03028)

J.S. v Educational Alliance, Inc.

2023 NY Slip Op 03028

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02417
 (Index No. 704162/18)

[*1]J.S., etc., et al., appellants, 
v
Educational Alliance, Inc., respondent.

Law Office of Gregory P. Mouton, Jr., LLC, New York, NY, for appellants.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Eileen M. Baumgartner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 3, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3124 to compel the plaintiffs to provide outstanding discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about September 11, 2015, the infant plaintiff allegedly was injured at a school owned and operated by the defendant. The infant plaintiff, by her father and natural guardian, and her father suing derivatively, commenced this action against the defendant, inter alia, to recover damages for personal injuries. In the complaint, the plaintiffs alleged that the incident occurred at P.S. 142 - Amalia Castro School located at 100 Attorney Street in New York.
In response to the defendant's demand for a verified bill of particulars, the plaintiffs objected to paragraph number two, which requested information regarding the "exact place and location where it is claimed the alleged incident occurred." The plaintiffs then reiterated the address of the school as the "approximate location of the occurrence."
The defendants moved, inter alia, pursuant to CPLR 3124 to compel the plaintiffs to provide, among other things, a supplemental verified bill of particulars that provided a more specific description of the accident location. In an order entered March 3, 2021, the Supreme Court, inter alia, granted that branch of the defendant's motion and directed the plaintiffs, among other things, to supply "a verified supplemental bill of particulars, free of any objections," and "a supplemental response to the question of the specific location of the accident." The plaintiffs appeal.
The Supreme Court providently exercised its discretion in directing the plaintiffs to supplement their response to the defendant's demand with a more specific description of the accident location (see CPLR 3043[c]; Mayer v Hoang, 83 AD3d 1516, 1518; Castellano v Norwegian Christian Home & Health Ctr., Inc., 24 AD3d 490, 491; Holland v St. Paul Fire & Mar. Ins. Co., 101 AD2d 625, 625; Lichtenstein v New York Life Ins. Co., 16 AD2d 956, 956).
As the defendant correctly contends, the Supreme Court did not direct the plaintiffs to provide a verified supplemental bill of particulars beyond a supplemental response to the location of the accident. Accordingly, the plainitffs' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court